Jupge Rowan
delivered the opinion of the court.
M’Kenny sued Watts in an action of covenant, Upon art article of agreement. In that article it was recited, that M’Kenny had commenced a suit in chancery, which was then depending against certain persons therein named, to obtain a conveyance for certain lands; and it was mutually covenanted by the parties, that the-«aid M’Kenny should convey to the said Wátís, whatever lands he should, by a decree in the said suit, obtain a title for; that, is to say; the part of said land which the court .should ultimately decree-tp the heirs at law of Leonard Hall, &c-; and that the said Watts, jn consideration therefor, should pay to .him $16 334 per acre&emdash;$200 were paid by the said Watts at the date Of. the agreement. M’Kenny obtained by the decree a title to 78 acres and 1 rod, which he conveyed to'Watts. The suit was for the stipulated price of the said land, with exception of the ⅜200 v.^iicb had been paid. Defendant filed a general demurrer to plaintiff’s declaration, to which (here was a joinder. Plaintiff obtained leave to amend his declaration, by substituting the word Leonard,, foy Henry therein, so as to make it read Leonard Hall instead of Henry Hail. Defendant insisted that, by reason of the amendment aforesaid, he was entitled to a continuance of the cause, and demanded it accordingly: But the court refused to grant it. Defendant abided bv his demurrer, and *561 fii enquiry of damages was had, in which plaintiff obtained a verdict and the judgment of the court thereon for $571 25. To reverse which judgment, defendant prosecuted this writ of error.. ,
Ajlameft¿ in plea' dings which férsary right toacon-unuance, oí a fact es-sentiai to the defence :”an amendment cut touching confers*no^’ surh
Two errors are assigned — 1st. That the declaration is defective in substance — 2d. That the court erred in overruling defendant’s motion for a continuance of the cause. It seems to the court that the declaration contains good substantive cause of action, accompanied by the necessary and appropriate averments, and therefore that there is nothing in the first assignment of error.
The second assignment of error, seems to have been predicated upon what we suppose to be a misconstruction of the act to regulate proceedings in suits at law, and in chancery, approved January 31st, 1810; and the act amendato-ry of that act, approved January 30th, 1811. The 18th section of the first of the above mentioned acts, after providing that amendments to the pleadings may be made by leave of the court, as theretofore; provides that if an amendment be made in matter of substance, the opposite party may answer thereto, and proceed to trial, or he may at his election, demand a continuance of the cause until the next term: see 4 Lit. 178. The third section of the amendatory act provides, that if the pleadings are in the opinion of the court, so defective, that the parties cannot proceed to a fair trial upon the merits of the cause; either party may be allowed to amend, and if by such amendment, the adverse party is taken by surprise, the trial shall at his request, be continued to the next term, at the costs of the party in default: see 4 Lit. 261. The last recited act developes the true principle which should have influenced in the exposition of the first.
That amendment which brings into the cause, at the time it is made, new substantive matter essential to the demand, or defence, entitles the party adverse thereto, to a continuance. Such amendment conveys then only, when it is made, notice of the matter which it imports, and that matter being substantially a part of the basis of the demand, or defence, there is the same reason that the adverse party should have time to meet and contravene it, that existed at the commencement of the cause, in relation to the matter thereof, and the parties thereto. Bui the matter of the Amendment in this case was in no view of it, important to *562 the merits of the cause; it was an error in the descriptioB of matter of recital only.
•.life for plaintiff, Hardin for defendant in error.
Upon either of the sections above alluded to, as well as upon the common law doctrine of pleading, the court were correct in refusing the continuance as matter of course, or of right. The judgment of the court below must be affirmed, with costs and damages.