## People ex rel., etc., v. Wm. H. Ballhorn.

1. STATUTES—*Construction of Words Having More Than One Mean-ing.*—Where .words having more than one meaning are used in a statute, they should be given that meaning which will best serve the purpose of the statute, if the same can be done without repugnance to the context.

2. SAME—*Sec. 33, Chap. 24, and 125, Chap. 46, R. S., Construed.*—The language of Sec. 33, Chap. 24, providing that an alderman shall reside in the ward from which he is elected, and Sec. 125, Chap. 46, providing that the office shall be vacant on the incumbent ceasing to be an inhabitant thereof, are susceptible of a meaning which requires that the alderman shall be and remain an actual resident of the ward for which he is elected.

3. MUNICIPAL CORPORATIONS—*Law Requires Aldermen to be Residents of Ward from Which Elected.*—Sound public policy requires that those who represent the local units of government shall themselves be component parts of such units, and this purpose can only be truly served by requiring such representatives to be and remain actual residents of the units which they represent, in contradistinction from constructive residents.

Quo Warranto.—Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded. Opinion filed March 3, 1902.

ROBERT J. BROWN, State's Attorney, and E. BREESE GLASS, of counsel, attorneys for appellant.

TRAVOUS, WARNOCK & BURROUGHS, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding by quo warranto in the Circuit Court of Madison County, by appellant against appellee, challenging the right and authority of appellee to exercise the functions and perform the duties of the office of alderman from the Second Ward of the city of Venice. The case was tried by the court without a jury. Finding and judgment in favor of appellee.

On the 17th day of April, 1900, appellee was duly elected to the office of alderman from the Second Ward of the city of Venice, in Madison county, Illinois, and thereafter duly

qualified and entered upon the discharge of his duties as such alderman. At the time he was elected and when he qualified and entered upon the discharge of his duties, he owned a residence in which he resided with his family, in the Second Ward of said city—the ward from which he was elected. On June 6, 1900, he engaged in business in a building situated in the Third Ward, fitted up rooms for a residence in the building where such business was being conducted, and about the 12th of July, 1900, moved his family and all his household effects into such rooms, rented his residence in the Second Ward to other parties, and has continued to reside in the Third Ward ever since. At the time he moved with his family into the Third Ward he did not intend to make that his permanent residence, but at that time it was, and ever since has been, his intention to return to his former residence in the Second Ward, when his business relations and conditions should become such as to make it convenient for him to do so. He did not resign his office as alderman upon moving into the Third Ward, but continued to exercise the functions and powers and perform the duties pertaining thereto, and this had continued for almost one year when the information in this case was filed.

Appellee's counsel contend that the place of appellee's residence is to be determined by his intention, to the same extent as in cases involving the right to vote, the right to retain a homestead, or the right to institute and maintain a suit for divorce.

Section 33 of chapter 24, Hurd's Revised Statutes, 1899, provides that "no person shall be eligible to the office of alderman unless he shall be a qualified elector and reside within the ward for which he is elected." And section 125, chapter 46, provides that every elective office shall become vacant upon the incumbent " ceasing to be an inhabitant of * * * the precinct for which he was elected." Where words having more than one meaning are used in a statute, they should be given that meaning which will best serve the purpose of the statute, if the same can be done without repugnance to the context.

Sound public policy requires that those who represent the local units of government shall themselves be component parts of such units. The purpose of these statutes is to effectuate this wise policy. And this purpose can only be truly served by requiring such representatives to be and remain actual residents of the units which they represent, in contradistinction from constructive residents. A mere constructive resident has no better opportunities for knowing the wants and rightful demands of his constituents, than a non-resident, and is as much beyond the wholesome influence of direct contact with them. The language of these statutes is susceptible of the meaning which requires that the alderman shall be and remain an actual resident of the ward for which he is elected, and such meaning more truly serves the purpose of the statute, and is in no sense repugnant to the context. And further, when the form of expression used in section 33, and that used in section 125 are construed together, there is no room left for doubt. In section 33 the language is not, shall be a resident, but it is, shall "reside within," and in section 125 it is, " be an inhabitant of." At the time this suit was commenced appellee did not " reside within" the Second Ward of the city of Venice, and had not so resided, within the meaning of the statute, for almost one year. He had ceased to be an inhabitant of that ward, and the office had become vacant.

The judgment of the Circuit Court is reversed and the cause remanded.