# CHARLESTON.

STATE EX REL. SOMMERS v. DOWELL *et al.*

Submitted April 9, 1918.    Decided April 16, 1918.

1. JUSTICES OF THE PEACE—*Acts of De Facto Justice—Effect.*

    The official acts of a *de facto* justice of the peace are as valid and binding in respect to the public and third persons as if he were also a justice *de jure.* (p. 241).

2. SAME—*Title of De Facto Justice—Collateral Attack.*

    The title to office of a *de facto* judicial officer cannot be collaterally questioned, and a motion made in a pending cause to quash a summons issued by a *de facto* justice of the peace, on the ground that at the time he issued it he was occupying another office incompatible therewith, should not be entertained either by the justice or by the circuit court on appeal. (p. 242).

Error to Circuit Court, Mason County.

Action by the State, on relation of John Sommers, against George Dowell and others.   From a judgment of the circuit court, dismissing plaintiff's appeal from a judgment of a justice's court for defendants for costs, plaintiff brings error.

*Reversed and remanded.*

*B. H. Blagg,* for plaintiff in error.

*John E. Beller* and *W. L. Poling,* for defendants in error.

WILLIAMS, JUDGE:

John Sommers the relator brought an action before William Jividen, a justice of the peace, on an injunction bond.   Defendants appeared in answer to the summons and moved to quash the same, which motion was overruled.   Their appearance was general.   The case was tried by J. F. Eddington, another justice of the same county, at the request of said William Jividen.   Judgment was rendered in favor of defendants against the plaintiff for their costs.   Plaintiff appealed the case to the circuit court.   Defendant appeared on the 8th of October, 1918, and moved to quash the summons issued by Justice William Jividen, on the ground that, on the 9th of November, 1915, when he issued the summons, he

was a commissioner of the county court of Mason county, which fact plaintiff admitted. The circuit court sustained the motion, quashed the summons, dismissed the appeal and adjudged that plaintiff pay defendants their costs expended both in the circuit court and before the justice; and plaintiff has brought the case here on writ of error.

William Jividen was elected a justice of the peace of Mason county in 1912, was duly qualified and entered upon the duties of that office on the 1st day of January, 1913, and continued to serve as such justice until the 31st of December, 1916. After his election and qualification as justice of the peace he became a commissioner of the county court, whether by election or by appointment does not appear nor is it material, and was occupying said office at the time he issued the summons commencing this action. The two offices are declared to be incompatible by Sec. 30, Art. 8 of the Constitution, but no proceedings were ever taken to oust him from the office of justice of the peace.

The legal question to be determined is whether his title to the office of justice of the peace can be questioned collaterally. Neither the Constitution nor any statute of the state provides that a justice of the peace who accepts an office incompatible therewith thereby vacates the former office. William Jividen was not a mere usurper or intruder into the office, but was a *de facto* justice of the peace; he had been elected and was acting *colore officii.* His official acts, within the scope of a justice's jurisdiction, as to the public and third persons were, therefore, as valid and binding as if they had been performed by a *de jure* justice. The rule respecting the validity of the official acts of *de facto* officers applies to all judicial officers, whether of high or low rank and regardless of whether the nature of the matters coming before them for adjudication is civil or criminal. Constantineau on De Facto Doctrine, Sec. 422. *In re Manning,* 139 U. S. 504, a case wherein petitioner had been convicted of manslaughter by the municipal court of Ashland county, Wisconsin, and sentenced to imprisonment and was denied a writ of habeas corpus by the supreme court of said state, the Supreme Court of the United States held that the petitioner

was not denied the equal protection of the law nor deprived of his liberty without due process of law, in violation of the fourteenth amendment of the Constitution, even though he was sentenced by a judge who had been appointed to office by the governor without authority of law. The court held that he was a *de facto* judge presiding over a *de jure* court and, therefore, his official acts were as valid as if he had been lawfully appointed.

The motion to quash the summons was a collateral attack upon the title of William Jividen to the office, which the law does not permit. His official acts are valid and binding until he is ousted by some direct proceeding to which he is a party, brought to try his title to the office. This rule is established by numerous decisions in the different states of this country and is founded on good reason. Otherwise the administration of justice might be greatly impeded and embarrassed by questioning the title of the presiding judge in any proceeding pending before him thus halting the proceedings until that question should be determined. If that could be done in any proceeding it could be repeated in any number of proceedings, because the determination of it in one suit would not be an adjudication binding upon subsequent litigants in other causes. The rule is one of convenience based on principles affecting the public policy. As said by Judge O'Brien in *Curtin v. Barton,* 139 N. Y. at page 511, and quoted by Constantineau in his work on De Facto Doctrine, Sec. 406, as the doctrine universally admitted: "When a court with competent jurisdiction is duly established, a suitor who resorts to it for the administration of justice and the protection of private rights should not be defeated or embarrassed by questions relating to the title of the judge, who presides in the court, to his office. If the court exists under the Constitution and laws and it had jurisdiction of the case, any defect in the election or mode of appointing the judge is not available to litigants. Such questions must be raised by some action or proceeding to which the judge himself is a party and where the issue as to the validity of his election or appointment is directly involved. It would be an unseemly proceeding derogatory to the dignity of the court and subver-

sive of all respect for the orderly administration of justice to permit private litigants to enter upon an inquiry as to the title of the judge, before whom the action is pending, to his office. Of course, if such an inquiry is permissible, the very judge whose official existence is in question, must, in the first instance at least, determine it and thus he is compelled to violate a fundamental principle in all proceedings of a judicial nature, which precludes a person from acting as a judge in his own case or in respect to a question in the result of which he has a personal interest." The following authorities are to the same effect: *In re Burke,* 76 Wis. 357; *Commonwealth* v. *Taber,* 123 Mass. 253; *Commonwealth* v. *McCombs,* 56 Pa. St. 436; *Ex parte Strang,* 21 O. St. 610; *McGregor* v. *Blach et al.,* 14 Vt. 428; *Keith* v. *State,* 49 Ark. 439; and *Ex parte Johnson,* 15 Neb. 512. The Supreme Court of Errors of the State of Connecticut, in *State* v. *Carroll,* 38 Conn. 499, held: "The acts of an officer appointed by and acting under and pursuant to an unconstitutional law, performed before the unconstitutionality of the law has been judicially determined, are valid as respects the public and third persons, as the acts of an officer *de facto."*

It not being proper to question the title of the justice to his office in the proceeding before him, it necessarily follows that it could not be done in the same proceeding on appeal in the circuit court. It would be as much a collateral attack in the one instance as in the other. The judgment of the circuit court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*