# CHARLESTON.

S. W. PRICE *et als.* v. J. E. FITZPATRICK *et als.*

Submitted October 28, 1919.     Decided November 4, 1919.

1.  MUNICIPAL CORPORATIONS—*City Council Election Contest.*

    The council of a city, town or village to which one, whose seat is contested, is elected is the proper tribunal to try such contest, and not the council in office at the time of the election. (p. 78).

2.  SAME—*Tribunal for City Council Election Contest.*

    Where by law the duty devolves upon a certain person or tribunal to try and determine a question, and no provision is made for substituting another person or tribunal in case of disqualification of such person or tribunal, by reason of interest, and there is no other mode provided for the trial of such controversy, such interested person or tribunal must of necessity proceed with the trial thereof to the extent, and to the extent only, that there is no other person or tribunal provided for the performance of the duties devolved upon him by law. (p. 78).

3.  SAME—*Appeal to Circuit Court of Judgment on Election Contest.*

    Where a contest of the right of a member of a city council to hold his seat is heard and determined by the council going out of office at the time his term of office begins, the circuit court on appeal will have no jurisdiction to try such contest *de novo* upon a writ of *certiorari* to the judgment rendered by such council. Nothing more can be done than to reverse the judgment of the tribunal acting without jurisdiction, and remand the case to be tried before the tribunal having jurisdiction. (p. 81).

Error to Circuit Court, Fayette County.

Election contest by S. W. Price and others against J. E. Fitzpatrick, Henry C. Darlington, Thomas Garrett, W. H. Johnson, T. T. Lewis, S. E. Hester, and Arnold Brabbin. Judgment before the town council of Scarbro in favor of contestants, and case removed by contestees by writ of certiorari to the circuit court, wherein the judgment of the council was reversed, and on trial de novo there was a findingf for contestees, Fitzpatrick and Garrett, and for part of the contestants, and from judgment, contestees, Johnson, Lewis, Hester, and Brabbin, bring error.

*Reversed and remanded.*

*W. R. Bennett* and *George Love,* for plaintiffs in error.
*Dillon & Nuckolls,* for defendants in error.

RITZ, JUDGE:

At the election held in the town of Scarbro in the month of January, 1919, the following persons were candidates for the municipal offices of said town on the Citizens Ticket, to-wit: for mayor, S. W. Price; for recorder, Henry J. Smith; and for councilmen, V. P. Spradling, C. R. Heerman, L. Douglass, Joseph H. Blake and Charles S. Thomas. These candidates at that time constituted the common council of said town, their terms expiring with the month of January, 1919, and they being candidates for the respective offices they were then filling. At said election the Citizens Labor Ticket had candidates for said offices as follows: for mayor, J. E. Fitzpatrick; for recorder, Henry C. Darlington; and for councilmen, Thomas Garrett, W. H. Johnson, T. T. Lewis, S. E. Hester and Arnold Brabbin. Upon a canvass of the returns of the election it was found that for the office of mayor Fitzpatrick received a majority of the votes, and for councilmen, Garrett, Johnson, Lewis, Hester and Brabbin each received a majority of the votes cast, and certificates of election were accordingly issued to them. A contest, however, was at once instituted by their opponents upon the ground, among others, that parties voted for them in said election who were not entitled to vote in said town. Notice of this contest was served upon the contestees on the 28th of January, 1919, to be heard on the 31st of that month, the day before the commencement of the term of office of the new mayor and coun-

cilmen. In view of the fact that the council then in office were all contestants, and the council to come into office on the first of February were all contestees in said proceeding, the old council determined to create a new and disinterested tribunal for the trial of said contest by each resigning his office and electing a successor to hold the unexpired term, so that on the 31st of January, when the contest came on for trial, there was an entirely new council, selected however by the contestants, for the purpose of trying this contest. Objection was made by the contestees, but all objections were overruled, and a hearing had, and the contestants found to be legally elected, and on the following day they were inducted into office. This proceeding was removed by the contestees by writ of *certiorari* into the circuit court of Fayette county, where the judgment of the council was reversed, and a trial *de novo* had therein, which resulted in a finding that Fitzpatrick was elected mayor, that the contestee Garrett was elected as one of the councilmen and that the contestants Heerman, Douglass, Blake and Thomas were elected as the other four councilmen, and judgment rendered by said court accordingly, from which judgment the contestees Johnson, Lewis, Hester and Brabbin prosecute this writ of error.

It is insisted that the circuit court did not have jurisdiction to try the contest upon the writ of *certiorari* for two reasons: first, that it had never been tried by the tribunal having jurisdiction to try it in the first instance, and that until it had been so tried no jurisdiction could be acquired by the circuit court; and second, that the notice was void because it was not served ten days before the time fixed for the hearing, as it is insisted the statute requires.

Did the tribunal which tried the contest as the council of the town of Scarbro have any jurisdiction to try the same? In the case of *Trunick* v. *Town of Northview,* 80 W. Va. 9, we held that the council to which a member is elected, whose right to hold the office is contested, is the tribunal to try the contest, and not the council in office at the time of the election. Under this holding, of course, the council which tried the contest here had no jurisdiction to try the same. While it was not made up of the same men who composed the council at the time of the election, it was in fact the same council, the men being selected

to fill vacancies caused by the resignation of those then in office, and their terms expired with the terms of those who were in office at the time of the election.

It is, however, insisted that this case is not controlled by the case of *Trunick* v. *Town of Northview*, for the reason that the right of all of the new council to hold office is contested, and that to allow that body to try the matter would be permitting them to sit in their own case, and that to permit the council who were in office at the time of the election, who were all contestants, would likewise be permitting them to sit in a case in which they were personally interested, so that the only way to get an unbiased and unprejudiced body was for them to resign and appoint their successors for the unexpired term, and allow the contest to be tried by the body thus constituted. We see very little difference in principle in a litigant sitting on his own case, and in selecting without his adversary having a voice therein, the judge who is to sit in it. We do not think there was any jurisdiction in any body to try this contest until the new council came into office on the first day of February. It is undoubtedly true that to permit this council to try this contest would be requiring them to sit and vote upon a matter in which they had a personal interest, there being no provision for substituting another tribunal for the trial of such a contest where the majority of the councilmen are interested therein. Of course, if the seats of less than a majority were contested then the majority whose seats were uncontested would sit and try the contest, and their right to do so could not be questioned, but where the seats of the whole body are contested, and there is no provision made for substituting any other tribunal for the trial thereof, it would seem that by the law of necessity they would be required to sit and hear and determine the contest, even though the seats held by them were in dispute. If this were not the case there would be no way to secure a trial of such a contest. The legislature evidently never contemplated that a situation would arise where the seats of all the members of a town council would be contested, and has made no special provision for the trial of such a contest. It is undoubtedly true that it is against the spirit of our laws for one to act as judge in his own case, and he will not be allowed to do so when

he has the slightest pecuniary interest therein, unless there is absolute necessity therefor. *Forest Coal Co.* v. *Doolittle, Judge,* 54 W. Va. 210; *Findley* v. *Smith,* 42 W. Va. 299. But where there is a contest like this which must be decided, and in which the only tribunal provided by law for its trial and determination is interested, the necessity of the case requires that such tribunal proceed to judgment therein, and such judgment, where the necessity for such action appears, will be as binding as though the parties rendering it were not at all interested in the controversy unless the same is reversed on appeal. It must be understood that this doctrine of necessity can be carried no further than is absolutely necessary. In the case of *Forest Coal Co.* v. *Doolittle, Judge, supra,* it was held that because of the interest of the judge in that case, he could not hear the controversy and determine it, but that he might call in a judge from another circuit to hear it, or cause an election of a special judge, as provided by law, for the purpose, notwithstanding his interest, because there was no other way provided by statute for securing a hearing of the cause; and in the case of *Dimes* v. *Grand Junction Canal,* 3 House of Lords Cases, 759, it was held that the Lord Chancellor, although pecuniarily interested in the controversy, might grant an appeal, even though to do so would require passing to some extent upon the merits of the controversy, because there was no other way provided by law for securing such appeal, but that after such appeal had been granted the Lord Chancellor, because of his interest, could not hear the same, for the reason that, under the law, it might be heard by the Vice Chancellor, who had no interest therein. It will thus be seen that while the courts recognize the necessity of a judge sometimes acting in a case in which he has a personal interest, because there is no other method provided by law to procure a determination thereof, it will be resorted to and permitted only when there is an absolute necessity therefor, and just as soon as the proceeding reaches that point where some other person or tribunal can take jurisdiction of it under the law the right of such interested judge or tribunal will cease. *In the Matter of Application of David R. Ryers,* 72 N. Y. 1; *Butcher* v. *Kunst,* 65 W. Va. 384; *Commonwealth* v. *Ryan,* 5 Mass. 90; *Pearce* v. *Atwood,* 13 Mass.

324; *Great Charte* v. *Kennington,* 2 Strange, 1173; *The Mayor of London* v. *Markwick,* 11 Modern, 164.

It is insisted, however, that inasmuch as this case was tried *de novo* by the circuit court upon appeal, the fact that it was tried below by a tribunal without jurisdiction will make no difference. The same contention was made in the case of *State ex rel. Porter* v. *Studebaker,* 80 W. Va. 673, wherein it was held that the circuit court upon appeal had no jurisdiction to try the matter until it had first been tried by the tribunal having jurisdiction to try the same in the first instance. The only power possessed by the circuit court was to reverse the judgment rendered by the tribunal which acted without jurisdiction, and remand it for a hearing before the tribunal which was authorized by law to try the same in the first instance, and that is the only jurisdiction we possess. It may be that when this case is tried by the tribunal provided by law for the trial thereof neither party will have cause for complaint. At any rate, until the judgment of that tribunal is had upon the matters involved neither this court nor the circuit court has jurisdiction to consider what judgment should properly be rendered between the parties.

It is urged that this court should dismiss this proceeding for the reason that the notice did not give the time required by law. This question is one that must be passed upon first by the tribunal having original jurisdiction, and until that is done neither this court, nor the circuit court can give judgment thereon.

A motion is filed on behalf of one of the plaintiffs in error asking to dismiss the writ of error so far as he is concerned, but subsequent to the time he authorized the making of such motion it seems that he changed his mind and desired to continue the prosecution of this writ. Of course a plaintiff in error has a right at any time to dismiss his writ of error so long as no right of the adverse party will be affected thereby, but he also has the right at any time before such motion is made and sustained by this court to change his mind and withdraw the same.

As to whether or not two of the plaintiffs in error are qualified to hold the office of councilmen, that question will likewise have

to be determined in the first instance by the council to which they were elected, and should any interested party be dissatisfied with the decision of that tribunal thereon the same may be reviewed in the manner provided by law.

It follows from what we have said that the judgment of the circuit court complained of will be reversed, and the cause remanded for a trial of the contest before the proper tribunal.

*Reversed and remanded.*