FRANCIS D. CALLEY *and* A. W. DAMRON *v.* M. C. BLAKE, *Clerk, etc. et al.*

(No. 9590)

Submitted February 29, 1944. Decided March 24, 1944.

*Okey P. Keadle,* for petitioners.
*George S. Wallace,* for respondents.

LOVINS, JUDGE:

This Court awarded a rule upon the petition of Francis D. Calley and A. W. Damron, requiring M. C. Blake, Clerk of the Circuit Court of Cabell County, Samuel Biern, and Maxwell W. Flesher, ballot commissioners, to show cause why a peremptory writ of mandamus should not be awarded commanding the respondents to place the names of the relators on the ballots of the primary election to be held May 9, 1944, as candidates for the office of member of The Board of Education of the County of Cabell for the residue of an unexpired term.

The facts are undisputed. At the general election held in Cabell County on November 5, 1940, W. T. Toney, a resident of Gideon District, and B. F. Beaman, a resident of Kyle District, were elected members of the board of education of that county and are now members thereof. In 1942 three vacancies existed in the membership of the board, one for a four-year term, and two for six-year terms. The vacancy for the four-year term was filled by the nomination and election of Harry Dodson, who was not a resident of Kyle or Gideon District. H. B. Daniel, a resident of Kyle District, Mrs. E. Wyatt Payne, a resident of Kyle District, George W. Carter, a resident of Gideon District, and G. Y. Neal, a resident of Gideon District were nominated at the primary election of 1942, to fill the two six-year terms, and the four persons above mentioned were balloted for as hereinafter stated. Canvass of the returns of the 1942 general election showed that the num-

ber of votes cast for the respective nominees for the six-year terms were as follows:

| | |
|---|---|
| Daniel | 13,674 |
| Payne | 11,030 |
| Carter | 11,001 |
| Neal | 8,840 |

Daniel was inducted into the office of member of the board and his right thereto is not in issue. Notwithstanding that he received fewer votes than Payne, Carter was issued a certificate signed by the commissioners of the County Court of Cabell County to the effect that he had been duly elected to the office of member of the board of education for the term of six years, having received the highest number of votes cast for that office. Carter took the oath of office as a member of the board; on July 5, 1943, he entered on the discharge of the duties thereof, and neither his exercise of the duties of that office, nor any of his official acts have been challenged.

Relators filed their certificates of candidacy for the office of board of education for the County of Cabell on the 5th day of February, 1944, in the office of the Clerk of the Circuit Court of Cabell County between the hours of ten and eleven P. M., of that day. The office which such certificates described is alleged to be a vacancy in the office of member of the board of education of said county, ineptly described as "a four-year unexpired term". Filing fees were paid and the requirements of the statute in respect to such filing were met.

Relators demanded that their names be placed on the ballots to be voted as candidates at the primary election of 1944. Respondents on the 9th day of February, 1944, advised relators that they refused to place their names on the ballots on the ground that no vacancy exists in the office of member of the board of education for a four-year unexpired term.

Mandamus proceedings to vindicate an alleged right under the statutory provisions of this jurisdiction relating

to elections is substantially different from that remedy as it existed at common law. The following quotation from Code, 3-5-41, suffices to illustrate: "Any officer or person, upon whom any duty is devolved by this chapter may be compelled to perform the same by writ of mandamus. * * *". "Mandamus in election cases, expressly authorized by statute, is intended to hasten the ascertainment and declaration of elections, as well as the performance of other duties by election officers. * * * It enlarges the scope of the writ, making it applicable to all the duties of election officers whether ministerial or judicial, and in respect to ministerial duties, to operate as a certiorari, thus providing a summary review of the action of such officers." *Marquis* v. *Thompson,* 109 W. Va. 504, 155 S. E. 462.

Respondents argue that relators, having separate interests, could not be joined in this proceeding. Mandamus is considered as an ordinary action at law and is prosecuted in all respects as such. *County Court* v. *Brammer,* 68 W. Va. 25, 69 S. E. 450; *Hartman* v. *Greenhow,* 102 U. S. 672, 26 L. ed. 271. Being treated as an ordinary action at law, the misjoinder, if any exists, may be obviated. Code, 56-4-34. However, we do not regard the misjoinder as important, in view of the disposition hereinafter made.

The asserted rights of relators to have their names placed on the primary election ballot is grounded on their contention that a vacancy now exists in the membership of the board of education. The respondents take the position that Carter is a *de facto* member of the Board of Education of Cabell County; that no vacancy exists until so declared by competent authority; and that they as a board of ballot commissioners have no power to declare such vacancy.

The principle of law invoked by relators has been recently considered and applied by this Court. *Orndorff* v. *Potter,* 125 W. Va. 785, 25 S. E. 2d 911; *State* v. *Board,* 125 W. Va. 579, 27 S. E. 2d 599. The Orndorff case was an election contest between two aspirants for the office of member of the board of education. It was there held that

the candidate receiving the highest number of votes was not elected because his residence rendered him ineligible, and that the candidate receiving the next highest number of votes, though eligible, was not elected as he had not received a majority or plurality of the votes cast. In *State* v. *Board, supra,* it was held, that an appointment of a member of the board was not precluded by the occupancy of the office by a former member claiming the right to hold office until his successor was elected or appointed and qualified. In this case we have a different question. Here two persons assert there is a vacancy in an office and upon that basis demand as a legal right that their names be placed on the primary election ballot by the board of ballot commissioners. In opposition to that contention respondents say the office to which such alleged vacancy pertains is occupied by another person who at least is a *de facto* officer whose occupancy of the office cannot be assailed collaterally.

Various definitions of a *de facto* officer will be found in decided cases, two of which, generally accepted and approved, are: "An officer *de facto* is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." Constantineau on De Facto Doctrine, page 31, Section 22. The above quotation is cited with approval in the case of *Griffin's Ex'or.* v. *Cunningham,* 20 Gratt 31, 43. Another definition, more exhaustive, is found in the case of *State* v. *Carroll,* 38 Conn. 449, 9 Am. Rep. 409. "An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the officer were exercised; First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or to invoke his action, supposing him to be the officer he assumed to be; second, under color of a known and valid appointment or election, but where the officer had failed to

conform to some precedent requirement or condition, as to take an oath, give a bond, or the like; third, under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such as ineligibility, want of power, or defect being unknown to the public; fourth, under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such." In this jurisdiction at least some of the elements of the latter definition have been accepted. *State* v. *Wayne County Court*, 92 W. Va. 67, 70, 114 S. E. 517; *Propst* v. *County Court*, 88 W. Va. 409, 411 et seq., 106 S. E. 878; *Franklin* v. *County Court*, 86 W. Va. 479, 485, 103 S. E. 330. Applying the principles laid down in the foregoing authorities, it is apparent that Carter is a *de facto* member of the Board of Education of the County of Cabell.

Carter being a *de facto* officer, can his right to occupy the office be assailed in this proceeding? There is neither a direct assault upon his official acts nor his title to office, but the basic proposition that there is a vacancy would result in holding that the office is now vacant or will be vacant at the time of the general election, and this proceeding necessarily questions Carter's right to occupy the office in the event either of the relators should be elected and qualify within the time prescribed by Code, 6-2-1. See *State* v. *Board of Education*, 92 W. Va. 647, 649, 115 S. E. 726.

Many authorities have been cited to show that the acts of a *de facto* officer are valid as to third persons. Ample statutory authority as to the binding nature of the acts of *de facto* officers will be found in Code, 6-5-3, as well as decided cases in this jurisdiction. See *Building & Loan Ass'n* v. *Sohn*, 54 W. Va. 101, 46 S. E. 222; *Knight* v. *Town of West Union*, 45 W. Va. 194, 32 S. E. 163; *State Ex Rel.* v. *Dowell*, 82 W. Va. 240, 95 S. E. 861; *Propst* v. *County Court*, *supra*. But the validity of an official act of a *de facto*

officer is a different question from that of the right of such officer to occupy an office until removed therefrom. The title of a *de facto* officer cannot be determined in a collateral proceeding. Constantineau on De Facto Doctrine, page 592, Section 429. *Webb* v. *Williamson,* 107 W. Va. 375, 378, 148 S. E. 324. Moreover, Carter not being a party to this proceeding his title to the office of member of the board of education cannot be adjudicated nor determined. There is another barrier to the adjudication of Carter's title to the office. The question is whether a vacancy exists in the office of member of the board of education which, in turn, is dependent on another question which is whether the board of ballot commissioners has the right to determine that such vacancy exists.

The office of member of a board of education is created and the term thereof fixed by statute. Chapter 42, Acts of the Legislature, 1941. The above-mentioned statute provides that at the general election 1942 two members should be elected for six-year terms and one member for a four-year term, and at the 1944 general election there should be two members elected for six-year terms. It is clear, therefore, that at the general election in 1944 there is no such term of office as "four-year unexpired term" unless there is a vacancy created by the ineligibility of Carter. Under the provisions of Section 1(b), Article 5, Chapter 42, Acts of the Legislature, 1941, the term of a member of the board of education immediately ceases and a vacancy occurs when the member is ineligible as prescribed in Section 1(a) of that act. The grounds of the alleged ineligibility of Carter are not found in Section 1(a). The ineligibility urged here is that Carter did not receive a majority or plurality of the votes. It therefore cannot be said that a vacancy resulted as a matter of law. A county board of education has the power of appointment to fill a vacancy and upon its failure to exercise such power within thirty days after the vacancy occurs the state superintendent of schools has such power. The power of appointment thus conferred on those officers necessarily presupposes

the power in such officials to find that a vacancy exists but here neither the County Board of Education of Cabell nor the State Superintendent of Schools has so found, nor has any court of competent jurisdiction ascertained that any vacancy exists in the board. Can a private citizen assume that a vacancy exists in a public office, and then demand as of right that he be placed on the ballot at an election to fill such assumed vacancy? To so hold would result in intolerable confusion in public affairs. Clearly the respondents herein have no power to declare such vacancy. Their duties and powers are conferred by statute and relate to the preparation of ballots and other election supplies incident to the holding of primary and general elections. Where a vacancy in the office occurs by expiration of the term by death of the incumbent, his resignation or removal or disqualification by express legislation a vacancy would exist by operation of law. *State* v. *Farrar*, 89 W. Va. 232, 235, 109 S. E. 240. None of these events is shown to have occurred in this proceeding. We therefore hold that no vacancy exists until so declared by competent authority.

It is well to note that vacancies in the membership of county boards of education may be filled at the general election by nominations made as provided in Section 23 (a), Article 4, Chapter 42, Acts of the Legislature, 1941.

The relators have not shown a clear legal right to the relief they seek, and for that reason the writ prayed for is denied.

*Writ denied.*