STATE OF WEST VIRGINIA, *ex rel.* JOE JONES, *et al.*

*v.*

THOMAS INGRAM, RECORDER OF THE TOWN OF CEDAR GROVE, WEST VIRGINIA, *et al.*

(No. 10366)

Submitted February 14, 1951. Decided March 1, 1951.

*Chas. Ritchie, Harold H. Neff, Ritchie, Hill, Neff & Morris,* for relators.

*James E. Maroney,* for respondents.

LOVINS, JUDGE:

The purpose of this original mandamus proceeding is to compel the recorder and members of the council of the Town of Cedar Grove to fill a vacancy allegedly existing in the office of mayor of that town.

The relators, Joe Jones, R. E. Green, Russell Lusk, M. M. Kinsolving and H. A. McQuillen, are residents and citizens of the Town of Cedar Grove. Respondent, Thomas Ingram, is the recorder of the Town of Cedar Grove, and respondents, Jennings Carpenter, Homer Carpenter, William Grady, Louis Kun, and Frank Settle are members of its council.

The Town of Cedar Grove, situate in Kanawha County, West Virginia, is a municipal corporation, organized and existing under the provisions of Chapter 8 of the Code of West Virginia.

Carlos Seabolt was elected mayor of the Town of Cedar Grove at the general election held on the 7th day of June, 1949, and thereafter he qualified as such officer and entered upon the discharge of his duties. Relators allege that in the month of February, 1950, Seabolt removed his residence from the town and established a residence in the Town of Shrewsbury, about three miles beyond the corporate limits of Cedar Grove, and that he continues to maintain his residence in the latter town.

Relators invoke the provisions of Code, 8-3-9, as authorizing the relief sought, asserting that one of the essential qualifications of the mayor of the Town of Cedar Grove is that he must be a resident of the municipality, a legal voter therein, and entitled to vote for the members of the municipal council. They contend that, because of the removal of Seabolt from the corporate limits of the Town of Cedar Grove, he thereupon became disqualified to act as mayor of such town; and that such removal of Seabolt created a vacancy in the office of mayor.

It is alleged that the respondents, though requested to do so, have refused to fill such vacancy, as provided by Code, 8-3-13, taking the position that no vacancy exists in the office of mayor.

Respondents, in their answer, allege that they are without knowledge as to whether Seabolt has established a

residence in the Town of Shrewsbury; that he was duly elected and qualified as mayor of the Town of Cedar Grove; that he has served and is now serving in such office; that they do not have the power of removal; and point to the provisions of Code, 6-6-7, as the proper procedure for removal if the cause for such removal exists.

Without passing on the question as to the proper procedure for the removal of Seabolt from the office of mayor of the Town of Cedar Grove, we note the provisions of Code, 6-6-7, which authorize removal of a municipal officer upon charges filed by the prosecuting attorney of the county wherein a municipality is located, charges filed by any other officer of the municipality, or filed by five or more voters thereof. Such charges also may be filed by the chief inspector and supervisor of public offices of the state in certain instances not here pertinent. No proceeding under Code, 6-6-7, against Seabolt have been commenced or are now pending.

This Court has held that *all corporations* have the power to remove a corporate officer from office as a common law incident to the powers of such corporation. *Richards* v. *Clarksburg,* 30 W. Va. 491, 4 S. E. 774. See *Town of Davis* v. *Filler,* 47 W. Va. 413, 35 S. E. 6; *McMillin* v. *Neeley,* 66 W. Va. 496, 499, 66 S. E. 635.

It is provided by statute that, "The mayor, recorder, treasurer and councilmen must be residents of such municipality, must be legal voters entitled to vote for members of its council, and for the year preceding their election must have been assessed with and paid taxes upon at least one hundred dollars worth of real and personal property therein: * * *" Code, 8-3-9. Vacancies in the municipal offices are dealt with as follows: "When a vacancy shall occur from any cause in the office of mayor, recorder or in the council, the vacancy, until the next succeeding election and until the qualification of an elected successor, shall be filled by appointment by the council from among the citizens of the town eligible under this article." Code, 8-3-13.

If there is no vacancy in the office of mayor of the Town of Cedar Grove, the writ of mandamus prayed for should be denied. Is there a vacancy as a matter of law in such office? Relators contend that Seabolt's removal from the corporate limits of the Town of Cedar Grove *ipso facto* created a vacancy in the office of mayor of that town.

In some instances courts in other jurisdictions have adopted the principle that a public officer losing the qualifications for office required by law forfeits his office, upon a judicial determination that such qualifications have been lost. *People* v. *Platt,* 57 N. Y. 454; *Yonkey and Another* v. *The State on the relation of Cornelison,* 27 Ind. 236; *Relender* v. *The State, ex rel. Utz, Prosecuting Attorney,* (Ind.), 49 N. E. 30. Cf. *The People* v. *Ballhorn,* 100 Ill. App. 571.

A temporary removal from a county by a county officer does not vacate the office though the constitution of the state under which the officer held provides that his office should become vacant by an actual change of residence from the county. *Curry* v. *Stewart,* 8 Ky. 560. See *Prather* v. *Hart* (Neb.), 24 N. W. 282. A municipal councilman of the City of Piqua, Ohio, who conceded removal from the ward for which he was elected, was removed from office under a state statute and municipal ordinance requiring that a councilman be a resident of the ward or district from which he was elected. *State ex rel. Attorney General* v. *Orr* (Ohio), 56 N. E. 14.

The requirement that the incumbent of an office be a party to the proceeding is indispensable and fundamental according to well established rules in well ordered systems of jurisprudence, if the vacancy does not exist as a matter of law. An officer's qualifications for office can not be questioned without notice to him. *Martin* v. *White,* 74 W. Va. 628, 82 S. E. 505; *Trunick* v. *Northview,* 80 W. Va. 9, 91 S. E. 1081.

It would be clearly an injustice to Seabolt to declare the office of mayor of the Town of Cedar Grove vacant in a proceeding wherein he is not a party and is not heard.

A determination of such vacancy must necessarily be had before a writ of mandamus would lie to fill it. We therefore decline to pass on the question whether Seabolt had vacated his office by his alleged removal. He would have the right to deny such change of residence and contest his disqualification in a proper proceeding to determine whether the office is vacant.

We are cited to the case of *Frantz* v. *Davis* (Va.), 131 S. E. 784. In that case the court was concerned with the question whether an incumbent whose term had expired could hold over and thus exclude an appointee from filling the vacancy. In the case of *Miller* v. *Board,* 126 W. Va. 248, 27 S. E. 2d 599, the same question was considered. It was held in both cases that the holding over by the officer did not preclude an appointment to fill the vacancies. Such is not the situation in the instant case. Where there is an incumbent legally authorized to discharge' the duties of his office, there is no vacancy. See Mechem's Public Offices and Officials, §128. *Broadwater* v. *Booth,* 116 W. Va. 274, 180 S. E. 180. The permanent removal of an officer from a municipality is an evidential fact of an intention to resign and is sometimes considered an implied resignation. 1 Dillon, Municipal Corporations, 5th Edition, §420.

The doctrine requiring residence as a qualification for holding an office has been referred to as "political common law." Of course, where a pertinent statute declares that an officer forfeits his office by removal from a political subdivision from which he is elected, and the change of residence is admitted, no doubt arises. See Throop on Public Officers, §72, §80. As hereinbefore stated, in some jurisdictions where an incumbent ceases to possess the legal qualifications, that fact operates as a forfeiture of office. 2 McQuillin, Municipal Corporations, 2nd Edition, §467.

In determining the existence of a vacancy in office it was held in *The Bland and Giles County Judge Case,* 33 Gratt. 443, 450, as follows: "An office is terminated *pro-*

*prio vigore* by resignation, expiration of term, and removal by competent authority. But in other cases the office is not determined *ipso facto* by the occurrence of the cause. There must be a judgment of *amotion* after a *judicial ascertainment* of the fact; which may be by indictment or information, by writ of *quo warranto,* or by impeachment. See 2 Minor's Inst., p. 27, and authorities there cited. * * *" A rule similar to that announced in *The Bland and Giles County Judge Case, supra,* has been adopted in this jurisdiction. In the case of *State* v. *Farrar,* 89 W. Va. 232, 109 S. E. 240, the question of whether a member of the city commission had *ipso facto* vacated his office by removal from the city and state was before the Court. It was held that such removal did not create a vacancy. In the body of the opinion the Court uses the following language: "In the absence of positive legal provisions indicative of intention to adopt a different rule on the subject, a vacancy in office occurs by (1) expiration of the term, or, (2) death of the incumbent, or, (3) his resignation, or, (4) his removal from office. Mc-Quillen, Mun. Cor. sec. 478. This author adds two more, abolition of the office and disqualification of the incumbent to hold it. The first of these two is an impossibility. There can be no vacancy in a non-existent office. The other is disqualification by express legislation." The Court, further discussing the question, held that "an office is vacated by refusal of the elected member to accept it, communicated to the proper authorities; refusal to qualify; resignation; and death. In all other instances, such as expulsion, adjudication of a controverted election, disqualification by act of the party and acceptance of an incompatible office, ascertainment of the fact and declaration of the existence of the vacancy are necessary." See *Calley* v. *Blake,* 126 W. Va. 696, 29 S. E. 2d 634.

In accordance with the principle laid down in *State* v. *Farrar, supra,* and supported by other authorities, we are of opinion that the disqualification of Seabolt to hold the office of mayor of the Town of Cedar Grove, if such disqualification exists, results from his own act, and that

the ascertainment of the removal of his residence from the Town of Cedar Grove must be had, and, if he is disqualified to hold his office by reason of change of residence, that a declaration of a vacancy is necessary before a writ of mandamus to fill the vacancy would lie.

Accordingly, we deny the writ of mandamus prayed for by relators.

*Writ denied.*