# CHARLESTON.

ICE v. MARION COUNTY COURT *et al.*

Submitted June 12, 1894—Decided December 15, 1894.

1. CONSTITUTIONAL LAW—ROAD SURVEYOR

   That part of section 2, article IX, of the Constitution of the State, which provides that surveyors of roads shall be appointed by the county court, is mandatory, and provides the only mode for filling that office.

2. CONSTITUTIONAL LAW—ROAD SURVEYOR.

   That part of paragraph 3 of section 56a of chapter 43 of the Code of 1891 which enacts that the surveyor of roads for each road precinct shall be elected by the people is unconstitutional and void.

JAS. A. HAGGERTY for plaintiff in error, cited Const. Art. VI, s. 39; Code 1891, c. 43; Const. Art. IX, s. 2; Anderson's Law Dict. pp. 666, 946; Const. Art. VIII, s. 24; 3 Am. & Eng. Ency. Law, p. 674, 689, n; 46 N. Y. 401; 58 Pa. St. 338.

W. H. MARTIN for defendant in error, cited 37 N. Y. p. 428; 49. Barb. N. Y. p. 9, 55 N. Y. p. 50; 35 Barb. p. 264; 65 N. C. p. 603; Cooley's Const. Lim. pp. 79, 97, 98; Cooley's Const. Lim. (4th edition) 67, 70, 72; 19 West Va. 418-19-37; 7 N. Y. 97; 5 Ind. 569; 31 Md. 204; 9 Wheat. 188; 2 Hill, 35; 8 West Va. 627.

HOLT, JUDGE:

On the 19th day of December, 1892, the plaintiff, Andrew S. Ice, a citizen and resident of the county of Marion, presented to the judge of the Circuit Court of that county his petition duly verified by his affidavit, praying a writ of prohibition, to prohibit the commissioners of the County Court of Marion county from taking bond and administering the oath of office to defendants John Beall and others named, who had been declared elected to the office of surveyor of roads in the several magisterial districts of Marion county at an election held on the 8th day of November, 1892, and in the meantime refrain from, and stay all further proceedings in the matter of taking said bonds and administering said oath of office.

As ground of the application, the petitioner set forth that the said election for the office of surveyor was without authority of law and void; that paragraph 3 of section 56a of chapter 43 of the Code (see Ed. 1891, p. 333) was and is in conflict with section 2 of article IX of the Constitution of the State. This article relates to county organization, and provides, among other things, that "coroners, overseers of the poor and surveyors of roads shall be appointed by the county court."

Under section 1, chapter 110, of the Code, the Circuit Judge awarded the rule, and the clerk issued it returnable to the first day of the following term. It was served on all the parties.

On the 22d day of March, 1893, the commissioners of the county court filed in court their return and answer, in which they set forth the facts of the election, and that the persons

named were duly and lawfully elected surveyors of roads under the statute already cited, praying that the writ may not issue.

On the 22d day of March, 1893, the case came on to be heard, and the court being of opinion that so much of the statute in question as provides for the election of one surveyor of roads for each precinct or magisterial district is unconstitutional, and therefore inoperative and void, judgment was given that the writ of prohibition do issue. And from this the defendant John T. Beall obtained this writ of error.

Article IX of the State Constitution relates to county organization. Section 1 provides that the voters of each county shall elect a surveyor of lands, a prosecuting attorney, a sheriff, and one and not more than two assessors. Section 2 provides that: "There shall be elected in each district of the county, by the voters thereof, one constable. * * * The assessors shall, with the advice and consent of the county court, have the power to appoint one or more assistants. Coroners, overseers of the poor, and surveyors of roads shall be appointed by the county court."

Section 24 of article VIII provides that "the county courts shall also, under such regulations as may be prescribed by law, have the superintendence and administration of the internal police and fiscal affairs of their counties, including the establishment and regulation of roads, ways, bridges, public landings, ferries, and mills, with authority to lay and disburse the county levies." So that from the language used, "surveyors of roads shall be appointel by the county court," from the context, the subject-matter, and the fact that it is used in a constitution, show that the language is to be taken as mandatory; for it is the province of an instrument of this solemn and permanent character to establish those fundamental maxims, and fix those unvarying rules, by which all departments of the government must at all times shape their conduct; and if directions are given that certain officers shall be elected by the people, and certain other officers shall be appointed by the county court, there is a strong presumption, from the character of the instrument,

as well as from the imperative meaning of the language used, and the context, that the provision is mandatory, and must be obeyed and observed by the legislative as well as by the other departments of the government. And one of the reasons for giving the county court such exclusive power of appointment is the fact that it is charged with the duty of establishing and regulating the county roads, and with their general superintendence, as a part of the internal police of their respective counties; so that the nature of the subject-matter lends weight to the view that the term "shall appoint" can not be read and taken as directory, for the two modes of filling these two classes of offices—one by the people, the other by the court—are exclusively and specifically applied to each office by name, and no authority is anywhere given, expressly or by necessary implication or reasonable intendment, for filling this office in any other way than by appointment by the county court, as provided for in section 2 of article IX. And, inasmuch as the mode of filling the office is provided for in the constitution, impliedly, the legislature shall not prescribe the manner in which surveyors of roads shall be elected or appointed; for, by section 8 of article IV, it is only in cases not provided for in the constitution that the legislature shall prescribe by general laws the manner in which public officers or agents shall be elected, appointed or removed. To this view the following authorities lend some weight: *People* v. *Raymond,* 37 N. Y. 428; *People* v. *Albertson,* 55 N. Y. 50; *People* v. *Laurence,* 36 Barb. 177. See Cooley Const. Lim. (3d Ed.) top p. 78; 3 Am. & En. Enc. Law, 680.

Thus we see some of the cogent reasons why the courts reluctantly, and only in extreme cases, feel themselves authorized to hold as merely directory any provision of an instrument, from its nature and purpose indicating that it is intended to be stable, and, unless otherwise expressed, mandatory. Although we are not warranted in holding a statute to be invalid, in whole or in part, unless we see clearly that it runs counter to some provision of the organic law— for the power of the legislature is full and free, except where limited and restricted—yet in this case that part of

the statute here brought into question seems to us to be, for the reasons given, a plain and palpable infraction of that instrument; as much so, and in good part for the same reason, as would be a statute requiring the secretary of state to be elected by the people. See article VII, section 3.

Therefore, we are of the opinion that the judgment complained of, holding so much of the alternative road law, numbered and designated in the Code (edition of 1891) as paragraph 3 of section 56a of chapter 43, as provides for the election of the surveyor of roads by the people, to be inoperative and void, is plainly right, and should be affirmed.