# CHARLESTON.

## St. Marys v. Woods, Judge.

### Decided February 15, 1910.

1. Municipal Corporations—*Charter Amendment—Jurisdiction of Circuit Court.*

     A circuit court has no jurisdiction or power to amend the charter of a city or town granted by special act of the Legislature.

2. Same.

     When a charter has once been granted to a city or town by special act of the Legislature, though the population of such city or town afterwards decrease below two thousand, this does not put it under the power of the circuit court to amend its charter.

3. Prohibition—When Lies—*Court Acting Beyond its Jurisdiction.*

     A circuit court, in a proceeding to amend a town or city charter, acts in a *quasi* judicial character, and if it has no proper jurisdiction or power to act in the particular case on the subject matter before it, a writ of prohibition lies against the court.

4. Prohibition—Writ of—*Who May Maintain.*

     A city, or persons who are residents and tax-payers in it, have such interest as will enable them to maintain a writ of prohi-

bition against a circuit court which is proceeding to amend the charter of such city without jurisdiction to do so in the particular case.

5.  SAME—*Procedure.*

   When a proceeding to be prohibited by writ of prohibition shows on the face of its record want of jurisdiction, no demand upon the court to cease the proceeding is necessary before asking the writ.

Application by the City of St. Marys and others for a writ of prohibition to Homer B. Woods, Judge, and others.

*Writ Granted.*

*Clyde B. Johnson* and *G. D. Smith,* for petitioners.

*William Beard, Ross Wells, H. P. Locke,* and *F. H. McGregor,* for respondents.

BRANNON, JUDGE:

By chapter 147, Acts of 1901, the Legislature enacted a charter for the City of St. Marys. In April, 1909, R. W. Douglass and four other freeholders of that city presented to the circuit court of Pleasants county their petition asking that court to alter, change and amend the said charter in certain respects set forth in the petition, which petition the court received, and directed publication of the object of the petition as directed by section 1896, Code of 1906. In May, 1909, the City of St. Marys, John Schanwecker and four others, presented to this Court a petition praying for a writ of prohibition against the circuit court of Pleasants county and the persons prosecuting said petition for amendment of the city charter, to prohibit the further entertainment and prosecution of said petition.

The most material question of the case is, Has a circuit court any power of jurisdiction to amend and alter the charter of a city or town, whose charter comes by special act of the Legislature? If not, if it cannot act upon the subject, it is without jurisdiction. If we find that under no circumstances can a circuit court amend such a charter under the power of amendment given by section 1895, Code of 1906, then we would consider it a total want of jurisdiction, and for that reason prohibition would lie; but if we say that because that statute confers a jurisdiction to begin to consider and hear and determine, and

thus it has jurisdiction to act, but still cannot properly alter a special charter, then its exercise would be an abuse or usurpation of power. In either case prohibition would lie under section 3599, Code of 1906, giving the writ where there is total want of jurisdiction of the subject matter, or where there is jurisdiction, but the court exceeds its legitimate powers. *Powhatan Coal Co.* v. *Ritz,* 60 W. Va. 395; *N. & W. Co.* v. *Pinnacle Coal Co.,* 44 *Id.* 574. The Constitution, Art. 6, section 39, says the "Legislature shall not pass local or special laws in any ·of the following enumerated cases * * * Incorporating cities, towns or villages, or amending the charter of any city, town or village, containing a population of less than two thousand. * * * The Legislature shall provide by general laws for the foregoing and all other cases for which provision can be so made." The Constitution thus divides municipalities into two classes, those of two thousand, those of less population. It prohibits the Legislature from incorporating or amending the charters of towns of less than two thousand; but as to those of that population, it reserves such power to the Legislature. Does the Constitution mean that the Legislature cannot authorize a court to grant or change a charter of a town over two thousand in population? It would seem so, because it concedes power to the Legislature to act in such case, and not that only, it gives the Legislature power to provide means for chartering or amending the charter of towns of less than two thousand population; but grants it no power to make regulation in any other case; in other words, it *limits* the power to provide other process than special act to towns of less than two thousand people. The incorporation of towns is a legislative function. The whole power is in the Legislature, except as the Constitution limits. Our Constitution reserves to the Legislature a part of this power, and tells it to confer the other part on some other tribunal; but it can delegate or confer this function no further than so far as it is allowed to delegate, that is, as to towns of less than two thousand people. We must, therefore, construe the sections of chapter 47 of the Code giving circuit courts. power to amend charters as intended to apply only to towns of less than two thousand population incorporated by courts, as otherwise those sections would be contrary to the Constitution.

Our construction must, if possible, harmonize it with the Constitution.

But take those provisions for amendment of themselves, without reference to the Constitution. Do they allow a circuit court to alter a charter given by special act?

As stated in *South Morgantown* v. *Morgantown,* 49 W. Va. 729, the incorporation of towns is purely a legislative function, unless the Constitution limits or otherwise provide. The Legislature makes or alters or abolishes their charters, unless the Constitution otherwise says. Section 47a, chapter 47, Code 1906, says that when it shall be desirable to amend the charter of "any" city, town or village of less than two thousand, application may be made to a circuit court. The word "any" is comprehensive; but reading chapter 47 we cannot see that it intends such a power as to special charters, when we reflect on certain considerations. A town is incorporated by a special act giving it powers deemed proper by the Legislature. We can hardly think that it was the desire of the Legislature in conferring powers of amendment upon courts to give them right to take away important powers or enlarge them, after the Legislature had once passed on those matters. To give courts such power would give them right to vitally change the legislative will, to repeal in material respects the act of the Legislature. The municipal right as a corporation is vested in it for the benefit of its people, and not to be derogated from by any power other than that conferring it. We cannot think that the town or its people can otherwise lose their rights. We can apply this amending power to other towns than those incorporated by special act. This chapter allows courts to incorporate towns of less population than two thousand, and to those we can apply this amendatory power. The very fact that the Code section allowing amendment by courts limits the power to towns of less population than two thousand imports that it has reference only to such towns incorporated by courts, because we cannot say that the Legislature foresaw that some towns of special charter would decrease in population below two thousand, as in this instance, and thus fall under the amending section. Only towns of less population could either be incorporated or their charters be amended by courts, and those only were in the mind of the Legislature when making the amendatory section. It was intended

only for small municipalities chartered by courts. Important rights vested by Legislative acts could thus be abrogated, which the law making body thought requisite. For instance, take the city of St. Marys. Section 28 of its charter act of 1901 gave it absolute right to grant or refuse liquor license. Section 29 authorized an excise board of three to pass on the grant or refusal of license. An act in 1907 (chapter 9) repealed that section 29, and thus dispensed with the excise board, but left section 28 giving the town power to grant or refuse license still standing. The applicants for amendment of the charter say that it is doubtful whether the town has this power after the repeal of section 29 creating an excise board, and their amendment proposes to take from the city this power, except with the assent of the county court. Without deciding whether the city has yet this discretion, say for argument that it has. The city may consider it important to grant license to raise revenue, a very important matter; but this power is to be taken from the city, though the Legislature deemed it a necessary and salutary power, when it passed the charter. Never did the Legislature intend this.

Counsel for the plaintiffs suggest, not without force, as showing that the amendment provisions in chapter 47 apply only to towns incorporated by courts, that chapter 54, Acts of 1907, amending and re-enacting section 2, Code chapter 47, gives courts jurisdiction to declare the forfeiture of "all such charters granted as hereinbefore provided", showing a legislative interpretation of the amending provisions, that is, that they apply only to charters granted by courts. After this new section was blocked into the Code chapter, does it not compel us to say that the amendment provisions are to be held as applicable to court charters? It seems so. We must interpret the chapter with this new section in it.

But counsel say that though St. Marys may have contained a population of two thousand when the act of incorporation was passed, it has fallen below that population since, and therefore the jurisdiction of the circuit court is defensible. We cannot establish this legal rule. As said above the Constitution classifies municipalities, giving the Legislature power to pass acts of incorporation in cases where population is two thousand. Under this authority the Legislature took up the proposition to pass

a charter for St. Marys, and found that it contained the requisite population enabling it to pass a special act. We must so assume. *Lusher* v. *Scites*, 4 W. Va. 11; *Roby* v. *Sheppard*, 42 *Id.* 286. The Legislature thus put St. Marys in the class of towns of two thousand population; it put upon it the stamp or mark of such status. Is there any statute that says that if its population fall below that mark it shall lose that status, and fall into the class of towns below that population, and have its rights under its charter endangered by becoming subject to change by court amendment? None has been shown. Can we reasonably think that a diminution of population, perhaps temporary, shall wholly change its cast and character, and make it liable to lose important powers and prerogatives from action by any other agency than that which granted them, the Legislature? If in a year or so, it regain its two thousand, does the original status come back with all its privileges? A city is of one class this year; another next. This would breed confusion. This fluctutation cannot work such result.

But conceding that a circuit court cannot amend a city charter given by special act, it is contended that prohibition will not lie, for the reason, as counsel argue, that a circuit court in such proceeding does not act in judicial function, and a writ of prohibition lies only to a court acting judicially. In view of the great body of law defining judicial function and when the procedure is judicial, we deem it useless to go over this ground. *Arkle* v. *Board*, 41 W. Va. 471; *State* v. *South Penn*, 42 *Id.* 80; *State* v. *Harden*, 62 *Id.* 313. It is true the writ goes only against a tribunal acting judicially. *Va. Co.* v. *County Court*, 58 W. Va. 86; *McWhorter* v. *Dorr*, 57 *Id.* 608; *Campbell* v. *Doolittle*, 58 *Id.* 317; *Fleming* v. *Commissioners*, 31 *Id.* 608. A circuit court is in cast and general function a judicial tribunal, but it sometimes performs acts purely ministerial. *Summers County* v. *Monroe County*, 43 W. Va. 207. But is the circuit court in proceeding to amend a town's charter acting judicially, or simply in a legislative character? We held in *Town of Union Mines*, 39 W. Va. 179, that a circuit court acting under Code chapter 47, in incorporating a town acts in a judicial and administrative capacity and is subject to prohibition. So *Elder* v. *Incorporators*, 40 W. Va. 222. These cases answer the question, and warrant prohibition. *Moore* v.

*Holt,* 55 W. Va. 507, says that it lies against "courts, boards, officers or tribunals, having judicial or *quasi* judicial powers." *Fleming* v. *Commissioners, supra,* says it goes where the tribunal is exercising powers, though not strictly judicial, known as *quasi* judicial. In *Brazie* v. *Commissioners,* 25 W. Va. 213, it was held that prohibition. lies, not only against judicial tribunals, but to ministerial tribunals possessing incidentally judicial powers known as *quasi* judicial tribunals. Such it was held is a canvassing board in ascertaining the result of an election. It had incidentally to pass judicially on some things essential in the proceeding, as has a circuit court in amending a charter. Under these cases and others, especially the *Union Mines* and *Elder Cases,* which give the cast of *quasi* judicial to the action of a circuit court under the statute in hand, we must say that it is of a character to warrant prohibition. What other efficacious, adequate remedy? As to what is judicial, and what non-judicial, and when and when not prohibition lies, the distinction is complicated and refined, and the cases are infinite, and discrimination difficult. In the maze we must do the best we can in the case that may be in hand. In this instance we decide in favor of prompt and efficient remedy, rather than deny it on narrow, technical principles. By these remarks it must not be thought that we doubt our decision in this instance.

It is said that the plaintiffs cannot have a writ of prohibition without having first applied to the circuit court to dismiss the proceeding for amendment. This is a question on which authorities are not clear. (On what are they?) The rule is not fixed. The case of *Jennings* v. *Judge,* 56 W. Va. 146, cites much authority for the position that effort must first be made in the court where the action sought to be prohibited is going on. The text of 16 Ency. Pl. & Prac. 1128, states that this is the rule. The same is stated as the general rule in 32 Cyc. 624; but the rule is there qualified by the statement that no defence in the court sought to be prohibited need be made where the proceeding in it is *ex parte,* or where the party had no opportunity to object; and in some cases where there appears on the face of the proceeding a want of jurisdiction. We find this Court in the opinion, but not in the syllabus, in *Swinburn* v. *Smith,* 15 W. Va. pp. 498-9, stating the true rule to be that when on the face of the proceeding want of jurisdiction

appears, there is· no need of objection in the court to be prohibited. Likely this is the safe rule. Under the rule stated in 32 Cyc. resistence in the circuit court is in this instance unnecessary, because the proceeding is *ex parte*, and also because want of power in the circuit court appears on the face of its record. For these reasons the case of *Board* v. *Holt*, 51 W. Va. 435, is right, as the injunction showed want of jurisdiction to enjoin a board of education in a matter proper for its action. So in *Jennings* v. *Judge, supra*, because the court had lawful jurisdiction of the case, and only made a misstep in decreeing personally against a non-resident costs, correctible in the court. It is never necessary where it appears motion in lower court would be unavailing, as in *Board* v. *Holt*, 54 W. Va. 167. It seems that motion in the lower court was properly dispensed with in *Knight* v. *Zahnhiser*, 53 W. Va. 370, under its character. There and in the *Holt Case* in 51 W. Va. it is said the rule requiring motion in the lower court is not inflexible.

It is objected that neither the city nor persons joining in the application for prohibition can maintain the writ. We will be slow to say that the counsel representing the public interest cannot contest a proceeding in court to amend its charter so as to take away from the city a right, a power, a prerogative important and material to the city. And as to· the persons uniting with the city as plaintiffs, they being residents, freeholders and tax-payers of the city, have right to contest the amendment. They are vitally interested in this public charter, in its powers of license and taxation and other powers involved in the broad amendment. For what is a charter? In large sense, the property or rights of residents and tax-payers. *Mandamus* may be had.by citizens and tax-payers as such to compel a county court to build a bridge. *State* v. *County Court*, 47 W. Va. 672. "One or more persons may maintain *mandamus* to compel the doing of an ·act in which the public, including themselves, have a common interest." *Payne* v. *Staunton*, 55 W. Va. 202, and numerous citations. Though this is not *mandamus* similar principles apply as showing interest ·in the parties enabling them to maintain a suit involving public interest affecting them.

Under these views we award the writ of prohibition.

*Writ Granted.*