# CHARLESTON.

## SMITH v. REPPARD.

Submitted June 7, 1909.    Decided April 18, 1911.

SCHOOLS AND SCHOOL DISTRICTS—*President of Board of Education—Vacancy—Appointment of County Superintendent.*
     Points of syllabus in *Kline* v. *McKelvey*, 57 W. Va. 29, re-affirmed and applied. (p. 212).

Error to Circuit Court, Tyler County.

*Mandamus* by G. W. Smith against M. M. Reppard. Judgment for relator and respondent brings error.

*Affirmed.*

*T. P. Jacobs* and *Moore & Conaway,* for plaintiff in error.

*J. M. Underwood* and *B. Engle,* for defendant in error.

WILLIAMS, PRESIDENT:

M. M. Reppard was elected president of the board of education for Ellsworth district, Tyler county, at the general election in 1902, for the full term of four years beginning on the 1st of July, 1903, but for some reason did not qualify. He was then appointed by the county superintendent of free schools to fill said office and qualified by taking the oath required by law; and was in office claiming the right to hold it at the institution of this proceeding. At the general election in 1906, F. R. Hickman was elected president of said board of education, for the term of four years beginning on the 1st of July, 1907; but Hickman failed to qualify, and on the 11th of October, 1907, G. W. Smith was appointed by the county superintendent for the unexpired term for which F. R. Hickman had been elected. Reppard refused to surrender the office to Smith, and claims that, under the law, section 2, chapter 45, Code (1906), he had a right to hold the office until his successor was *elected and qualified;* that, although Hickman was elected, his failure to qualify did not create a vacancy, because he (Reppard) was rightfully in office, and that the county superintendent had no right to appoint as for a vacancy. On application by Smith to the circuit court of Tyler county a peremptory writ of *mandamus* was awarded on the 27th of February, 1908, placing him in the office, and Reppard obtained this writ of error.

The sole question presented is, had the county superintendent the power to appoint relator as for a vacancy? A majority of the court are of opinion that he had such power and that his appointment of Smith conferred upon him the right to the office. They hold that the law of this case is settled in *Kline* v. *McKelvey*, 57 W. Va. 29, construing section 2, chapter 45, Code (1906). They still adhere to that decision as a correct construction of the statute.

If the statute had not been so construed in that case, I would have been of the opinion that the county superintendent had no power to appoint, so long as there was an incumbent rightfully holding. Section 5, chapter 45, authorizes the county superintendent to appoint only in case of a vacancy; and I do not see how there could be a vacancy if one was in office who had a right to it. The office of president of the board of education is created by the legislature, not by the constitution, and

the legislature had the power to prescribe the term of office, and the manner of election, or appointment. It did so in section 2 by saying a president of board of education shall be elected by the voters of the district, and that his "term of office shall commence on the first day of July next after his election, and continue for four years, and until his successor is elected and qualified according to law." There is no provision in this section for *appointing* his successor, and he is expressly given the right to hold the office, not only until his successor is elected, but until he is *elected and qualified.* I do not see how the election of Hickman as Reppard's successor, when he failed to qualify, could have created a vacancy, thereby authorizing the county superintendent to appoint; because it appears to me that the statute is designed to meet just such a contingency by providing that the incumbent who was elected and qualified should continue to hold the office until his successor should be both elected and qualified. It therefore, seems to me that Reppard was rightfully in office when Smith was appointed, and that there was then no vacancy. But the statute has since been amended so as to authorize the appointment of a successor to a president, or a commissioner, of the board of education, who has served out the regular term for which he was elected, and the question here involved is not likely again to arise. See section 3, chapter 27, Acts of 1908.

The judgment of the lower court will be affirmed.

*Affirmed.*