# CHARLESTON.

STATE v. C. FRED EDWARDS.

Submitted February 19, 1924.    Decided March 4, 1924.

1.  ELECTIONS—*Constitutional Qualifications and Disqualifications Cannot be Changed by Legislative Enactment.*

    Section 1 of Article IV of the state constitution prescribes all the qualifications and disqualifications of citizens of the state to vote at all elections held therein, and these qualifications and disqualifications cannot be added to or changed by legislative enactment. (p. 599).

2.  SAME—*Elector Cannot be Deprived of Right to Vote Except for Constitutional Disqualifications.*

    The legislature cannot, as a penalty for violation of an election statute, deprive a citizen of his right to vote, except for the disqualifications prescribed by the constitution. (p. 599).

3.  STATUTES—*Where Whole Statute Not Effective Because Unconstitutionality of a Part, All Parts Fall Together When Dependent on Each Other.*

    Where the parts of a statute are so dependent upon each other as to warrant a belief that the legislature intended them to take effect in their entirety, and the whole cannot be carried into effect because of the unconstitutionality of a part, it will be presumed that the legislature would not have passed the residue independently, and all parts must fall together. (p. 600).

Error to Circuit Court, Cabell County.

C. Fred Edwards was convicted of unlawfully expending to aid in securing his nomination for United States senator, an amount in excess of the maximum allowed by statute, and he brings error.

*Judgment reversed; indictment quashed.*

*John S. Marcum, Northcott & Yost,* and *Paul W. Scott,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Defendant was indicted by the grand jury for unlawfully expending to aid in securing his nomination for United States senator an amount in excess of the maximum allowed by the statute.

Section 11 of chapter 27, Acts of the Legislature for 1915, section 8b (11), chapter 5 Barnes' Code 1923, provides that no candidate for the office of United States senator shall expend in securing his nomination for such office a sum in the aggregate which exceeds the sum of seventy-five dollars for each county in the State. Section 14 of said act provides that any one who violates this provision of the act shall, on conviction, ''be disqualified from voting or holding any public office or employment, during a period of three years from the date of conviction, and if elected to, or occupying any public office, such office or employment shall be vacated from the date of conviction.'' Defendant was not successful in securing the nomination for which he was a candidate.

Defendant demurred to the indictment, on the ground that the section of the statute under which he was indicted was unconstitutional. His demurrer being overruled, defendant entered a plea of *nolo contendere,* and moved the court in arrest of judgment, which motion was overruled. The judgment of the court was that defendant ''be prohibited from voting in any election held in this state or holding any office therein for the period of three (3) years from the date of this judgment and that the State of West Virginia recover her costs by her in this behalf expended including a statutory fee of $10.00.''

Section 1 of Article IV of the constitution of this state provides that: ''The male citizens of the State shall be entitled to vote at all elections held within the counties in which they respectively reside; but no person who is a minor, or of unsound mind, or a pauper, or who is under conviction of treason, felony, or bribery in an election, or who has not been a resident of the State for one year, and of the county in which he offers to vote for sixty days next preceding such offer, shall be permitted to vote while such disability continues.''

It is contended on the part of defendant that the constitution thus defining who among the citizens of the State shall be entitled to vote and who shall not, the legislature has no authority to impose additional qualifications or to prescribe additional disqualifications; that the right of the citizens to vote must be determined only from the constitution itself; and that this right can neither be increased nor diminished by legislative enactment.

It is true, as argued by counsel for the State, that the privilege of voting is not inherent or a natural right which exists in the absence of constitutional or legislative grant; but it is equally true, that when such right has been granted by the constitution of the state, it can not be denied or abridged by legislative enactment. 20 C. J. 62; 9 R. C. L. 980; 7 Ann. Cas. 665; 10 Am. & Eng. Enc. Law, 569; Cooley's Const. Lim. (7th ed.) 99, 902. And it has been said that the right to vote is one reserved by the people of the state to members of a class, and when so reserved by constitutional enactment, the right is guaranteed to the class of persons named, and is thus given a dignity not less than any other of many fundamental rights. *State ex rel. Mc Grael* v. *Phelps,* (Wis.), 35 L. R. A. (N. S.) 353; 9 R. C. L. 980. And it has been held that where the constitution fully defines the qualifications of electors but is silent on the subject of betting on the result of elections, it is beyond the power of a state legislature to enact a law providing that no person can vote at an election who makes a wager on the result of such election. *In re Clothier,* 2 *Ches. Co.* (Pa.) 355; 20 C. J. 80.

Our state constitution provides that "the male citizens of the state shall be entitled to vote," except those under certain specified disabilities while such disability continues. This section clearly defines who shall be entitled to vote and who shall not; and numerous cases hold that where the constitution of the state fixes the qualifications of voters in direct, positive terms, these qualifications can not be added to or changed by legislative enactment. 20 C. J. 62, and cases cited there. Here the legislature attempted to go farther than to impose additional qualifications; it attempted to deprive citizens convicted of a specified statutory offense of any right to vote for a certain length of time, citizens not

of a class enumerated by the constitution among those disqualified. Since the authorities universally hold that the enumeration in a state constitution of the classes of citizens who shall be entitled to vote is to be taken as a test of the right to exercise that privilege, which can not be added to or taken from by the legislature, we are of opinion that the part of the penalty provided by the statute under consideration which imposes disfranchisement on one convicted of the offense thereby created, is unconstitutional.

The next question presented is the constitutionality of that part of the penalty which deprives defendant from holding office for a period of three years. Can we in this case hold that a part of the penalty provided by the statute under consideration is unconstitutional and another part valid? The rule seems to be that where a part of an act is unconstitutional, that fact does not authorize the courts to declare the other provisions of the act void, unless they are so connected in subject matter, depending on each other, or otherwise so connected in meaning, that it can not be presumed that the legislature would have enacted the one without the other; and where the purpose of the act is to accomplish a single object only, and some of the provisions are void, the whole must fail, unless the remainder of the act is sufficient to effect the object, without the aid of that which is invalid. 3 Enc. Dig. Va. & W. Va. Rep. 186, and cases cited; 6 R. C. L. 121.

Section 4, Article IV, of our state constitution provides that "no person, except citizens entitled to vote, shall be elected or appointed to any state, county or municipal office." By this provision, defendant would have been disqualified to hold any of the offices named, by the first part of the penalty in the statute under consideration without the addition of the second part thereof, if the first had been valid. The second part of the penalty imposed necessarily follows the first; and the inclusion of it in the statute was superfluous and did not add to the penalty already imposed. We must assume that the legislature was conversant with this provision of the constitution, and can not say that they did not have it in mind at the time of the framing and passage of the act under which defendant was convicted and sentenced. We can not say that if the legislature had known

they could not impose the first part of the penalty, that they would have imposed the other as the only punishment for the offense created, or that they would have made it a part of any other punishment. In *Allen* v. *Louisiana,* 13 Otto 80, the Supreme Court of the United States, quoting from *Warren* v. *Mayor and Aldermen of Charlestown,* 2 Gray 84, said: "If they (the valid and void parts) are so mutually connected with and dependent on each other, as conditions, considerations, or compensations for each other as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried into effect, the legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them." See, also, Cooley's Const. Lim. (7th ed.) 247-8. The penalty here provided is for the purpose of accomplishing a single object, the punishment for the offense created by the statute. "If, however, the constitutional and unconstitutional portions are so dependent on each other as to warrant the belief that the legislature intended them to take effect in their entirety, it follows that if the whole can not be carried into effect, it will be presumed that the legislature would not have passed the residue independently, and accordingly the entire statute is invalid." 6 R. C. L. 123; Cooley, 248.

In view of the foregoing we do not deem it necessary to say whether or not the latter part of the penalty imposed on defendant is unconstitutional, but the two parts being so closely connected, the one necessarily following the other, we are of opinion that we would not be warranted in holding that the legislature did not intend them to operate as a whole, or that it would have enacted the second part independently, if it had known the first could not have been carried into effect.

The judgment will be reversed, and the indictment quashed.

*Judgment reversed; indictment quashed.*