O. J. BROADWATER *v.* EARL BOOTH *et al.*

(No. 8182)

Submitted April 30, 1935. Decided May 21, 1935.

*Wm. T. George*, for relator.

*J. Blackburn Ware*, for respondents Earl Booth and Howard Price.

MAXWELL, JUDGE:

Relator, asserting title to the office of clerk of the city of Belington, seeks possession thereof by mandamus.

The pertinent provision of the city charter is this: ''The mayor shall nominate, and with the approval and consent of the council, shall appoint a city clerk for the said city of Belington, and such city clerk shall hold office for a period of two years, beginning with the first day of April, one thousand nine hundred twenty-seven, or at the first regular meeting of said common council, held after the first day of April, one thousand nine hundred twenty-seven; said city clerk, when so appointed and approved, shall hold office for a term of two years, subject to the provisions of this section, and at the expiration of every two-year period hereunder, it shall be the duty of the said mayor to so appoint, with the consent and approval of the city council, such clerk, and each succeeding clerk, so approved and appointed, shall likewise hold office for a term of two years * * *.'' Acts of the Legislature 1927, Municipal Charters, chapter 14, section 8.

On the 4th of April, 1935, at a meeting of the council of the city, the respondent, Howard Price, mayor, made nomination of respondent, Earl Booth, for the office of city clerk. Upon a vote, a minority of the council approved the mayor's nominee; a majority voted neither yea nor nay on the Booth nomination, but cast their votes for the relator, O. J. Broadwater, for clerk. Later, at an alleged adjourned meeting attended by only the five members of council constituting the

said majority, a bond tendered by relator was approved and his oath of office filed. On this setting, he asserts his right to possession of the office. Booth, who has been clerk for several years, is holding over and in control.

Under the quoted provision of the Belington charter, the mayor is given exclusive right to appoint a clerk, with the approval of council. That body may approve or reject; it can not appoint or elect, except in case of vacancy, hereinafter discussed. The situation is directly analogous to the appointment of a state official by the Governor, by and with the consent of the Senate, and the analogy must be carried to full extent. When the Senate fails to ratify an appointment by the Governor, it does not undertake to make its own choice, but leaves the matter where it belongs—in the discretion of the Governor. Upon failure of confirmation of an appointment, the Governor with convenient dispatch, must submit another nomination—a different individual from the one rejected. A similar duty devolves upon the mayor of Belington. Public officials having appointing power, as well as all other officials, are presumed to discharge their duties faithfully.

Relator asserts that on the 4th of April, there was a vacancy in the office of city clerk and that council had a right to fill the same. ''Whenever a vacancy from any cause shall occur in any office the council shall by a majority vote of those present fill such vacancy.'' Belington Charter, section 15 (Acts, *supra*). But there was not in fact a vacancy. Booth was holding over under a prior appointment confirmed. ''The term of every officer shall continue (unless the office be vacated by death, resignation, removal from office, or otherwise), until his successor is elected or appointed, and shall have qualified.'' Code 1931, 6-5-2. This is in conformity with the general rule. 22 Ruling Case Law, p. 554; Throop on Public Officers, section 325; Mechem's Public Offices and Officers, section 397. There is no vacancy when there is an incumbent legally authorized to discharge the duties of the office. 46 Corpus Juris, p. 971; Mechem's Public Offices and Officers, sec. 129.

For the reasons set forth, mandamus is refused.

*Writ refused.*