STATE *ex rel.* G. Y. NEAL, IN HIS OWN RIGHT, *Etc., et al.*

*v.*

W. W. BARRON, GOVERNOR, *Etc., et al.*

(No. 12112)

Submitted June 6, 1961.          Decided July 3, 1961.

GIVEN, JUDGE, concurring.

*Scherr, Meek & Vinson, J. B. Meek,* for relators.

*C. Donald Robertson,* Attorney General, *Andrew J. Goodwin,* Assistant Attorney General, *Norman E. Rood, George S. Wallace, Jr., Robert H. Burford, Tom T. Baker,* for respondents.

BROWNING, JUDGE:

G. Y. Neal, in his own right and as Commissioner of the County Court of Cabell County, and Wylie Johnson, in his own right and as a citizen, resident and taxpayer of Cabell County, filed their original petition in mandamus in this Court praying that a rule issue directed to the Honorable W. W. Barron, Governor of the State of West Virginia, requiring him to show cause "why he should not fulfill his obligation and duty by appointment of a proper and qualified person to the vacancy in law presently existing on the County Court of Cabell County", and to Irvin Morrison requiring him "to surrender the office claimed by him to such appointee."

The petition alleges that: At the general election held in Cabell County on November 8, 1960, D. Eugene Willis and Irvin Morrison were, respectively, the Republican and Democratic nominees for the office of County Commissioner for Cabell County; Willis received the higher number of votes and was issued a certificate of election; on November 17, 1960, Willis died before he qualified for such office; on January

1, 1961, Morrison assumed the office and continues to exercise the rights and duties incident thereto; the respondent, the Honorable W. W. Barron, Governor of the State of West Virginia, has made no appointment to fill the vacancy that exists in law, and in fact, as it is his right to do; and, every transaction of such County Court is subject to doubt as to its legality.

Pursuant to the rule issued by this Court on May 16, 1961, the respondent Morrison filed a separate demurrer and answer to the petition, demurring on the grounds, in substance, that : (1) Chapter 3, Article 10, Section 8, Code, 1931, as amended, is unconstitutional insofar as it purports to authorize a Governor to fill a vacancy existing on a County Court; (2) mandamus will not lie against the chief executive of a state; and, (3) the petition does not disclose a clear legal right in the petitioners to the relief sought. In his answer, the respondent Morrison denies that he assumed the office of County Commissioner on January 1, 1961, but asserts that by virtue of the provisions of Article IV, § 6, of the Constitution and 6-5-2 of the 1931 Code, as amended, he having previously been elected to and qualified for a term on said court, his term of office continues until a successor is duly elected and qualifies. He also denies that Willis was elected to said office, alleging Willis' death before the completion of the canvass of the votes, and denies that there is any vacancy existing, in law or in fact, on the County Court of Cabell County.

The respondent Barron, answering separately, after denying generally the allegations of the petition, specifically denies that any vacancy exists on the County Court of Cabell County, or that any duty devolves on him in the premises. By stipulation of the parties an Election Certificate, dated November 30, 1960, and showing the total number of votes cast for D. Eugene Willis to be 24,154 and for Irvin Morrison to be 21,837, and a letter, dated April 7, 1961, addressed to the Honorable W. W. Barron, Governor of the State of West Virginia, and signed by G. Y. Neal, calling upon

the addressee "to fill the vacancy presently existing in law on the County Court of Cabell County", are filed as exhibits in this proceeding.

The pertinent constitutional and statutory provisions are as follows:

Article VIII, § 30:

"* * * . Vacancies in the office of commissioner, clerk of the county court and justices of the peace, shall be filled by the county court of the county until the next general election."

Article IV, § 8:

"The Legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, the terms of office, powers, duties and compensation of all public officers and agents, and the manner in which they shall be elected, appointed and removed."

Article IV, § 6:

"All officers elected or appointed under this Constitution, * * * shall continue to discharge the duties of their respective offices until their successors are elected, or appointed and qualified."

Code, 6-5-2:

"The term of every officer shall continue * * * until his successor is elected or appointed, and shall have qualified."

Code, 3-10-8, as amended:

"Any vacancy in the office of county court commissioner * * * shall be filled by the county court of the county, unless the number of vacancies in a county court deprive that body of a quorum, in which case the governor of the state shall fill any vacancy in such county court necessary to create a quorm thereof * * *: Provided, however, that in the case of a vacancy in the office of county court commissioner in any county in the state, if the remaining members of such county court fail, refuse or neglect to fill such vacancy within sixty days from the time it occurs, then the governor of the state shall appoint some qualified citizen * * * to serve as county court commissioner until the next general election."

The decisions of this Court are clear upon the question of whether a vacancy exists in the office of Commissioner of the County Court of Cabell County. Such a vacancy exists in that office for the purpose of appointment notwithstanding the occupancy thereof by the respondent Morrison. *Kline v. McKelvey,* 57 W. Va. 29, 49 S. E. 896; *Smith v. Reppard,* 69 W. Va. 211, 71 S. E. 115; *Miller v. Board of Education of Mason,* 126 W. Va. 248, 27 S. E. 2d 599; *State ex rel. Fox v. Brewster,* 140 W. Va. 235, 84 S. E. 2d 231; *State ex rel. Wayne v. Sims,* 141 W. Va. 302, 90 S. E. 2d 288, But cf. *Broadwater v. Booth, et al.,* 116 W. Va. 274, 180 S. E. 180; *State ex rel. Jones v. Ingram,* 135 W. Va. 548, 63 S. E. 2d 828. This is the language of the 3rd Syllabus Point of the *Kline* case: "Incumbency of an office, by holding over under said statute, does not preclude the existence of a vacancy as a basis for the exercise of the appointive power under section 5 of chapter 45 of the Code."

However, the writ must be denied since the petitioners have not shown a clear legal right to the relief they seek. On the contrary, the clear and unambiguous language of the Constitution of this State and of a decision of this Court, *Ice v. Marion County Court, et al.,* 40 W. Va. 118, 20 S. E. 809, are conclusive and controlling to the effect that the Governor has no authority whatever to appoint a qualified citizen of Cabell County to fill the alleged vacancy existing on the County Court of Cabell County.

Article IV, §8, of the Constitution, reads: "The Legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, the terms of office, powers, duties and compensation of all public officers and agents, and the manner in which they shall be elected, appointed and removed." However, the manner in which a vacancy in the office of commissioner of a county court shall be filled is provided by Article VIII, §30, of the Constitution, in clear and unambiguous terms. It provides: "The office of commissioner and justice of the peace, shall be deemed

incompatible. Vacancies in the office of commissioner, clerk of the county court and justice of the peace, *shall be filled by the county court of the county until the next general election.*" (Italics supplied.) The Commission which was appointed to revise and codify the general statute law of this State, and whose work finally resulted in the official Code, 1931, understood the significance and effect of Code, 3-10-8, as amended, which earlier in this opinion was quoted in full. The revisers' note following that section reads: "Section 9, c. 4, Code 1923, is modified to provide for a situation which may arise in the matter of vacancies in the membership of a county court. Section 30, art. 8, Const., provides that any vacancy in the office of county commissioner shall be filled by the county court. Two or more vacancies in the membership of a county court may occur at the same time by the removal from office or death of the members. This would destroy a quorum of the court and leave no one authorized under the Constitution to fill the vacancies. This situation is taken care of by authorizing the governor to fill the vacancies by appointment. * * *" The Joint Legislative Committee, raised for the purpose of revising the revisers' report and incorporating therein the statutes enacted by the Legislature at its 1927 and 1929 sessions then appended a note stating: "The proviso in this section is added in conformity with Acts 1929, c. 87."

In *Ice v. Marion County Court, et al.,* 40 W. Va. 118, 20 S. E. 809, relator, as a citizen of the County of Marion, sought a writ of prohibition in the Circuit Court of that county to prohibit the Commissioners of the County Court of Marion County from "taking bond and administering the oath of office to defendants" who had been declared elected to the office of surveyor of roads in the several magisterial districts of that county at the election held on the 8th day of November, 1892. Paragraph 3, Section 56a, Chapter 43 of the Code of 1891, provided that the surveyor of roads should be elected by the people. However, Article

IX, Section 2, of the Constitution of 1872, then in effect, provided that: "Coroners, overseers of the poor and surveyors of roads, *shall be appointed by the county court.*" (Italics supplied.) In affirming the trial court in issuing a writ of prohibition upon the ground that the applicable statutory provision was in conflict with the quoted constitutional provision, this Court said: "And, inasmuch as the mode of filling the office is provided for in the Constitution, impliedly, the legislature shall not prescribe the manner in which surveyors of roads shall be elected or appointed; for, by Section 8 of Article IV it is only in cases not provided for in the Constitution that the legislature shall prescribe by general laws the manner in which public officers or agents shall be elected, appointed or removed."

Article VIII, Section 30, provides that: "Vacancies in the office of commissioner, * * * shall be filled by the county court of the county until the next general election." Thus, the manner in which such officials shall be elected, appointed and removed *is* provided for in the Constitution, and, therefore, the Legislature cannot prescribe "by general laws", as provided by Article IV, Section 8, "the manner in which they shall be elected, appointed and removed." However, it is to be noted that the provision in Article VIII, Section 30, with reference to the filling of a vacancy "in the office of commissioner" is in the singular, and, therefore, there is no provision in the Constitution of this State for the filling of vacancies in a county court where there are two or more such vacancies existing at the same time. The provision of Code, 3-10-8, as amended, before the proviso, relating to the filling of a vacancy on a county court by the Governor, is valid, inasmuch as it provides only that, if "the number of vacancies in a county court deprive that body of a quorum, * * * the governor of the state shall fill any vacancy in such county court necessary to create a quorum thereof * * * ." It then becomes the duty of the county court under Article VIII, Section 30,

and Code, 3-10-8, as amended, to fill any further vacancy that may exist. However, insofar, and only insofar as, Code, 3-10-8, as amended, purports to empower the Governor to fill a vacancy beyond that necessary to create a quorum, it plainly contravenes the provisions of Article VIII, Section 30, of the Constitution, and, therefore, is invalid. Thus, Article VIII, Section 30, of the Constitution, and the valid part of Code, 3-10-8, as amended, complement each other to prevent an interregnum or hiatus in the functioning of a county court which is vital to the effectual perpetuation of county government in this State.

For the reasons heretofore stated, the writ will be denied and the rule heretofore issued will be discharged.

*Writ denied.*

GIVEN, JUDGE, concurring:

I concur completely as to the action of the Court in holding that a vacancy exists in the office of commissioner, and in the action of the Court in refusing to issue a writ of mandamus against the Governor, for the reason, among others, that in so far as the statute here involved authorized the Governor to fill such vacancy, it is unconstitutional and void. I am of the further view, however, that the question relating to the other feature of the statute is not reached, not even raised, no facts existing which permit consideration thereof, and is not briefed or argued, and should not now be decided.

In *State v. Furr,* 101 W. Va. 178, 132 S. E. 504, we held: "4. If among other questions raised there be one as to the validity of some part of an act of the Legislature which is not actually involved, no decision thereon is proper, and should be declined."

In the instant case, the constitutional provision which requires the holding of unconstitutionality of the statute as to the filling of the vacancy here existing, clearly says that the county court shall fill "vacancies in

the office of commissioner'', making, or indicating, no exceptions, yet this Court, as I understand the opinion, reads exceptions into the constitutional provision. I believe that such question should await a proper case. Moreover, the question that, if in case of some emergency, the Legislature is empowered to enact legislation authorizing the Governor to make some temporary appointment to avoid an emergency, the question remains whether such appointment should be authorized merely for the purpose of creating or providing a quorum, or whether such an appointment should be until the next general election. Such questions should also, I think, await a case presenting proper factual questions. There remains also the question of whether the enactment declared unconstitutional in part, and constitutional in part, is of such nature, or was intended by the Legislature, to be separable as to its respective supposed functions. The history of this enactment leaves very great doubt in my mind that it is such a statute. See *State v. Huber,* 129 W. Va. 198, 40 S. E. 2d 11; *State v. Edwards,* 95 W. Va. 599, 122 S. E. 272.