State *ex rel.* E. L. St. Clair

*v.*

The Honorable Jack Marinari, Judge of the Circuit Court of McDowell County, West Virginia, *et al.*

(No. 12523)

Submitted October 27, 1965.    Decided December 14, 1965.

374

Berry, Judge, not participating.

*Harry G. Camper, Jr.,* for relator.

*Jack Marinari,* pro se, *Rudolph J. Murensky, Leon P. Miller,* for respondents.

BROWNING, PRESIDENT:

In this original proceeding, E. L. St. Clair, in his own right and as a commissioner and president of the County Court of McDowell County, seeks a writ of prohibition inhibiting the respondent judge of the Circuit Court of McDowell County from accepting and approving the bond and security of the respondent, Walter E. Basham, as a commissioner of the County Court of McDowell County, "and/or" prohibiting respondent, Walter E. Basham, from acting as a commissioner of the County Court of McDowell County. The petition alleges that: immediately prior to November 18, 1964, the three members of the County Court of McDowell County were R. L. Martin, E. L. St. Clair and Henry O. Bernard; on November 18, 1964, R. L. Martin resigned; the two remaining members have failed to agree on an ap-

pointment to fill the vacancy created by Martin's resignation; neither of the remaining members has resigned, died, been removed from office nor has either's term of office expired, although one has disqualified himself from passing upon the matters concerned in one estate before the county court for settlement; on October 11, 1965, the governor of the state appointed respondent Walter E. Basham as a commissioner of the County Court of McDowell County to fill the vacancy created by the resignation of Martin pursuant to which appointment Basham has taken the oath of office and, unless prohibited by this Court, will appear before the respondent judge and tender his bond with security for approval; the appointment of Basham by the governor is unconstitutional and the respondent judge, acting in a judicial or quasi-judicial capacity, will exceed his jurisdiction by accepting and approving such bond unless prohibited by this Court; and, the County Court of McDowell County has several judicial and quasi-judicial matters pending before it and the respondent Basham will exceed his lawful jurisdiction and usurp and abuse the power of a commissioner of the County Court of McDowell County unless prohibited by this Court. Attached to the petition as an exhibit is the oath of office executed by Walter E. Basham.

In response to the rule to show cause why the writ should not issue as prayed for, issued by this Court, the respondent judge answered stating that the bond of Basham has not been presented to him for approval but that if and when the same is presented he will perform the duty imposed upon him by the provisions of Code, 6-2-10, as amended, unless prohibited from doing so by order of this Court. Code, 6-2-10, as amended, provides, in part: "Every commissioner of a county court. . . shall give bond with good security, to be approved by the circuit court, or the judge thereof in vacation, . . . . The penalty of the bond of each commissioner of a county court shall be not less than five thousand dollars nor more than ten thousand dollars, the amount to be fixed by the circuit court of the county, or the judge thereof in vacation, by order entered of record on the proper order books of both the county and circuit courts; . . . ."

Respondent Basham demurred, moved to dismiss the petition and moved to quash the rule on the grounds:     (1) prohibition will not lie in the premises, the proper remedy being quo warranto; (2) the act of a circuit court, or of the judge thereof in vacation, in accepting and approving the bond of a commissioner of a county court is purely ministerial and not controllable by prohibition; (3) respondent Basham, being neither a court, a member or commissioner of a court, nor an official exercising judicial or quasi-judicial authority, is not amenable to prohibition; (4) petitioner does not come into court with clean hands, having previously sought a writ of mandamus in this Court to compel the governor of the state to make an appointment of commissioner, an act he now seeks to prohibit as unconstitutional; and (5) the appointment of Basham is a valid, constitutional appointment under the circumstances of the instant case.

The pertinent constitutional and statutory provisions are as follows:

Article VIII, § 30:

". . . Vacancies in the office of commissioner, clerk of the county court and justices of the peace, shall be filled by the county court of the county until the next general election."

Article IV, § 8:

"The Legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, the terms of office, powers, duties and compensation of all public officers and agents, and the manner in which they shall be elected, appointed and removed."

Code, 3-10-7, as amended:

"Any vacancy in the office of county court commissioner. . . shall be filled by the county court of the county, unless the number of vacancies in a county court deprive that body of a quorum, in which case the governor of the state shall fill any vacancy in such county court necessary to create a quorum thereof, . . . In the case of a vacancy in the office of the county court commissioner in any county in the state, if the remaining members of

such county court fail, refuse or neglect to fill such vacancy within sixty days from the time it occurs, then the governor of the state shall appoint some qualified citizen . . . to serve as county court commissioner until the next general election."

In the case of *State ex rel. Neal* v. *Barron*, 146 W. Va. 602, 120 S. E. 2d 702, it was necessary for this Court to consider this statute, then designated as Code, 3-10-8, as amended, in the light of the quoted constitutional provisions. The legislature, by Chapter 64, Acts of the Legislature, Regular Session, 1963, changed the section number from 8 to 7 and made slight modifications in the language not pertinent here. This is the second syllabus point of the *Neal* case: "Chapter 3, Article 10, Section 8 of the Code of 1931, as amended, insofar as it purports to empower the Governor to fill a vacancy existing on a county court beyond that necessary to create a quorum, contravenes the provisions of Article VIII, § 30 of the Constitution of this State, and is invalid." In the opinion this Court said: "The provision of Code, 3-10-8, as amended, before the proviso [now the first sentence] relating to the filling of a vacancy on a county court by the Governor, is valid, inasmuch as it provides only that, if 'the number of vacancies in a county court deprive that body of a quorum, . . . the governor of the state shall fill any vacancy in such county court necessary to create a quorum thereof. . . .' It then becomes the duty of the county court under Article VIII, Section 30 and Code, 3-10-8, as amended, to fill any further vacancy that may exist. However, insofar, and only insofar as, Code, 3-10-8, as amended, purports to empower the Governor to fill a vacancy beyond that necessary to create a quorum, it plainly contravenes the provisions of Article VIII, Section 30, of the Constitution, and, therefore, is invalid. Thus, Article VIII, Section 30, of the Constitution, and the valid part of Code, 3-10-8, as amended, complement each other to prevent an interregnum or hiatus in the functioning of a county court which is vital to the effectual perpetuation of county government in this State."

Article VIII, Section 22, of the constitution of this state provides: "There shall be in each county of the State a

county court, composed of three commissioners and two of said commissioners shall be a quorum for the transaction of business. . . ." Code, 7-1-1, repeats this provision and there is no vacancy existing on the County Court of McDowell County which deprives that body of a quorum. "Except when a vacancy in a public office occurs by refusal to accept the office, by expiration of the term, by death, resignation or removal of the incumbent or by disqualification of the incumbent by express legislation, a vacancy in such office does not exist until it is declared by competent authority." Syl. Pt. 5, *Stowers* v. *Blackburn,* 141 W. Va. 328, 90 S. E. 2d 277. Neither of the two remaining members of the County Court of McDowell County has vacated his office, or caused it to be vacated, by virtue of any of the above prescribed circumstances. "When there is an incumbent legally authorized to discharge the duties of his office, there is no vacancy." *Jones* v. *Ingram,* 135 W. Va. 548, 552, 63 S. E. 2d 828, 830; *Broadwater* v. *Booth,* 116 W. Va. 274, 180 S. E. 180. It is true that Bernard has disqualified himself in one particular matter pending before the County Court of McDowell County because of his personal association previous to his becoming a member of such court, but this is not sufficient to create a vacancy in his office so as to enable the governor to make an appointment in a manner proscribed by the constitution of this state. Therefore, the appointment of the respondent Basham to the County Court of McDowell County is without authority of law, void, and of no force and effect whatever.

This brings us to the question of: (a) whether prohibition will lie against the judge of the Circuit Court of McDowell County under the provisions of the statute that requires such judge to fix and approve the bond of a commissioner of the county court before he assumes office; and (b) whether prohibition will lie against Basham who seeks to qualify as a commissioner of the county court by virtue of his appointment by the governor of this state to that office.

It is the view of this Court that prohibition is a proper remedy and does lie against the judge of the Circuit Court

of McDowell County in carrying out the statutory duty heretofore mentioned. In the case of *Howard* v. *Ferguson,* 116 W. Va. 362, 180 S. E. 529, this Court had before it an act of the legislature withdrawing the county of Mingo from the Eighth Judicial Circuit and transferring it to the Twenty-fourth Circuit. The judge of the Eighth Judicial Circuit instituted a proceeding in this Court to prohibit the judge of the Twenty-fourth Circuit from assuming the duties of judge of the Circuit Court of Mingo County. The assertion was made in that proceeding that petitioner's proper remedy was by quo warranto, and the Court said: "The procedural proposition thus urged by respondent would necessarily prevail if we were of opinion that the basic purpose of the controversy is to try title to a public office. Such, we conceive, however, is not the real object of the proceeding, although the right to the office of Judge of the Circuit Court of Mingo County is necessarily involved. This is not a personal controversy between Judge Howard and Judge Ferguson. It is a broader matter, constituting basically an effort on the part of citizens of Mingo County to prohibit from presiding in the Circuit Court of that County a man who, they aver, is precluded by the Constitution from assuming said duties under his present warrant of authority." The Court then held the statute under consideration unconstitutional, for reasons not necessary to relate here, and issued the writ as prayed for. Also, in *Ice* v. *Marion County Court,* 40 W. Va. 118, 20 S. E. 809, relator, as a citizen of Marion County, sought a writ of prohibition in the Circuit Court of that County to prohibit the commissioners of the county court from "taking bond and administering the oath of office to defendants" who had been declared elected to the offices of surveyors in the several magisterial district of the county. The trial court held the election of defendants to be without authority of law and void and issued the writ, which action was affirmed by this Court.

Code, 6-2-10, as amended, the pertinent portions of which have been heretofore quoted, provides that the circuit court of a county shall approve the bond of a county commissioner and fix the amount thereof within the prescribed limits,

and respondent Basham contends that such approval constitutes only a ministerial act not controllable by prohibition. It has been held that the mere approval of a bond is a judicial act, *Rowe* v. *Aetna Casualty & Surety Co.* (Ohio, 1941), 42 N. E. 2d 706, 712. Whether this Court would follow that ruling need not be decided since the statute under consideration calls not only for mere approval but for the exercise of some discretion in fixing the amount thereof. "As to what is judicial and what is non-judicial, and when and when not prohibition lies, the distinction is complicated and refined, and the cases are infinite and discrimination difficult. In the maze we must do the best we can in the case that may be in hand. In this instance we decide in favor of prompt and efficient remedy, rather than deny it on narrow, technical principles." *St. Marys* v. *Woods,* 67 W. Va. 110, 116, 67 S. E. 176, 179. Under the circumstances of the present case we therefore hold that prohibition will lie against the respondent, Judge Marinari, to prohibit him from approving and fixing the amount of the respondent Basham's bond.

It is contended that the respondent Basham, being neither a court, a member of a court, nor an official exercising judicial or quasi-judicial authority, is not amenable to prohibition. "In prohibition the rule to show cause against the issuance of the writ must go against both the tribunal to be prohibited from exercising jurisdiction of the case, and the person having adverse interest to be affected by the writ, and the writ must also be against both as parties to it." *Kump* v. *McDonald,* 64 W. Va. 323, 61 S. E. 909. To the same effect are: *United States Steel Corp.* v. *Stokes,* 138 W. Va. 506, 511, 76 S. E. 2d 474, 477; *State ex rel. Noce* v. *Blankenship,* 93 W. Va. 273, 276, 116 S. E. 524, 525; *Armstrong* v. *County Court,* 15 W. Va. 190.

The writ of prohibition, therefore, will be awarded as prayed for.

*Writ awarded.*